# GUENTHER v. JACKSON.

[No. 10,261.    Filed April 6, 1920.]

1. PLEADING.—*Personal Injuries.—Surplus Allegations Tending to Prejudice Jury at Trial.—Motion to Strike Out.*—An allegation in a complaint for personal injuries, suffered by the plaintiff, that one of plaintiff's children, by reason of physical infirmities, required her constant attention, have a prejudicial tendency, and should be stricken out on motion, as surplusage. p. 164.

2. APPEAL.—*Motion to Strike Out Part of Pleading.—Overruling Not Reversible Error.*—It is not reversible error to overrule a motion to strike out a part of the pleading.    p. 164.

3. LANDLORD AND TENANT.— *Action by Subtenant.— Injuries From Known Dangerous Condition.—When Averment of Covenant to Repair Unnecessary.*—In an action for personal injuries where the complaint is on the theory that the defendant, with knowledge of the latent defect that made the premises dangerous, leased the same without disclosing the fact, a demurrer thereto on the ground of failure to allege any covenant by defendant to repair, was properly overruled.    p. 165.

4. APPEAL.—*Illegal Evidence Admitted.—Presumption of Influence.*—It will be presumed on appeal that the admission of illegal evidence influenced the result unless the contrary appears.    p. 165.

5. APPEAL. — *Evidence. — Reversible Error.—Damages.*—Where plaintiff, over proper objections, was permitted to testify that one of her children was a helpless invalid, the unfortunate physical condition of such child not being in issue, and no instruction to disregard such testimony was given, and defendant has properly presented a contention that the damages assessed were excessive, the Appellate Court cannot say that defendant was not harmed by the admission of the evidence, and the action of the court therein was reversible error.    p. 165.

6. LANDLORD AND TENANT.—*Leasing Dangerous Building Without Disclosure.—Evidence of Repairs.*—In an action for negligently leasing a defective building without notifying the tenants of known latent defects, evidence that the defendant made repairs to other portions of the building is immaterial and inadmissible.    p. 166.

7. APPEAL.—*Admission of Incompetent Evidence.—Waiver of Objection by Offering Same Evidence.*—Defendant cannot complain, on appeal, of the admission of incompetent evidence, where during the trial he also offered, and the court admitted, evidence tending to prove the same facts.    p. 166.

From Laporte Circuit Court; *James F. Gallaher,* Judge.

Action by Helen M. Jackson against John J. Guenther. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*H. W. Salwasser, Frank E. Osborn, Lee L. Osborn* and *Kenneth D. Osborn,* for appellant.

*M. R. Sutherland* and *R. N. Smith,* for appellee.

REMY, P. J.—Action by appellee against appellant to recover for injuries resulting from the alleged negligence of appellant in causing a step on a stairway in a building owned by him to be in a dangerous condition. Appellant's motion to strike out parts of the complaint was overruled, as was his demurrer to the complaint for want of sufficient facts. Appellant filed his answer in denial, and the cause was submitted to a jury for trial, resulting in a verdict and judgment for appellee. Errors assigned are: (1) Overruling motion to strike out part of complaint; (2) overruling demurrer to complaint; and (3) overruling motion for a new trial.

It is alleged in the complaint, in substance, that appellant was the owner of a certain building, of which entire building one Barnes was tenant; that appellee and her husband occupied the second story of said building as tenants of said Barnes; that a certain stairway was the only means of ingress and egress to the second story; that for a long time prior to the commencement of the tenancy of said Barnes, and prior to the commencement of the tenancy of appellee and her husband, the stairway leading to the rooms occupied by appellee had been defective and dangerous, in this, "that the first step below the platform from the top of said stairs was split diagonally across the same, and that at one end of said step the cleat or support holding the same in position

had been removed, and left said step without any support at one end thereof;" that, sometime previous to the injury of appellee, "certain pipes had been constructed and built running from somewhere in the basement of said building along the west wall of said stairway, and that in the placing of said pipes, the cleat or piece of wood which held the west end of said step had been removed for the purpose of placing said pipes; that by reason of said cleat having been removed this step had been split and cracked and rendered unsafe;" that appellant at all times knew of said hidden defect, and that it was unknown to appellee; that, as appellee with due care was attempting to go up the stairway to her rooms, the step, by reason of said defect, gave way when she stepped thereon, causing her to fall, resulting in injuries to her ankle and thigh, as well as serious internal injuries. It is further averred that appellee "is a married woman, and the mother of two children, and was, prior to said injury, attending to her household duties and looking after the said children, one of which, on account of physical infirmities, requires her constant attention."

The court overruled appellant's motion to strike from the complaint the words "one of which, on account of physical infirmities, requires her constant attention," on the ground that the words were surplusage, and, if permitted to remain in the complaint, they would improperly tend to prejudice the jury in the trial of the cause. Averments such as those complained of have no proper place in a complaint in an action of this character. The motion to strike out should have been sustained. However, it is settled in this state that it is not reversible error to overrule a motion to strike out a part of a pleading. *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088; *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734.

It is urged by appellant that the complaint is insufficient to withstand the demurrer, for the reason that it contains no allegation of a covenant on the part 3. of appellant to repair.   No other objection to the complaint was stated by appellant in his memorandum filed with the demurrer, or is presented on appeal.   It will be observed that the complaint does not proceed upon the theory that there was a contractual obligation on the part of appellant, as landlord, to make repairs; but proceeds upon the theory that appellant, with knowledge of the latent defect which rendered the premises dangerous, negligently leased the same without disclosing the fact of such defect, and that appellee, who was a rightful subtenant, and who was ignorant of the defect, could recover for injuries proximately resulting from appellant's said negligence.   The demurrer was properly overruled.   2 Underhill, Landlord and Tenant §480; *Helwig* v. *Jordan* (1876), 53 Ind. 21, 21 Am. Rep. 189; *Hamilton* v. *Feary* (1894), 8 Ind. App. 615, 624, 35 N. E. 48, 52 Am. St. 485; *Brunswick, etc., Co.* v. *Rees* (1887), 69 Wis. 442, 34 N. W. 732, 2 Am. St. 748; 16 R. C. L. 1034.

Over proper objections by appellant, appellee, while testifying as a witness in her own behalf, was permitted to testify as follows:   "My little girl is an in-4-5. valid.   She has been that way since she was three months old.   She was nine years old in November.   She is entirely helpless.   She does not walk or talk.   She is beginning to talk a little now, not very much, says a few words."   It is earnestly contended by appellant that the court erred in admitting this evidence.   The unfortunate physical condition of appellee's child is not in issue.   The manifest tendency of the evidence must have been to mislead the jury, and to enlist their sympathy for appellee whose cause was being heard.   The trial court, by overruling appellant's ob-

jection to the testimony, told the jury, in effect, that it was competent and proper evidence for their consideration. Appellant assigned as one of his reasons for a new trial that the damages assessed by the jury are excessive; and now presents the same as a cause for reversal. The jury was not instructed by the court to disregard the evidence. Under such circumstances, we cannot say that appellant was not harmed by the admission of the evidence of which complaint is made. In fact, it will be presumed on appeal that the admission of illegal evidence influenced the result unless the contrary appears. *Thompson* v. *Wilson* (1870), 34 Ind. 94; *Pape* v. *Lathrop* (1897), 18 Ind. App. 633, 46 N. E. 154. The action of the court in admitting the evidence was reversible error. *Barnett* v. *Leonard* (1879), 66 Ind. 422; *Indianapolis Journal, etc., Co.* v. *Pugh* (1892), 6 Ind. App. 510, 33 N. E. 991; *Chicago, etc., R. Co.* v. *Cummings* (1899), 24 Ind. App. 192, 53 N. E. 1026.

On the trial of the cause, appellee's husband, as a witness in appellee's behalf, was, over appellant's objection, permitted by the court to testify that, 6-7. while he and his wife occupied the premises in controversy as subtenants of Barnes, certain repairs of such premises were made by appellant, the repairs, however, not being of the alleged defective stairway. It is claimed by appellant that the admission of this evidence is reversible error. Inasmuch as the complaint is not based upon a breach of a covenant to repair, but upon appellant's negligence in leasing the premises without notifying the tenants of the alleged latent defect, the evidence to which objection was made was outside the issues and should not have been admitted. However, appellant is in no position to complain of the action of the court in admitting this evidence for the reason that during the trial appellant also offered, and the court admitted, evidence tending to prove

the same fact. *Polk* v. *Haworth* (1911), 48 Ind. App. 32, 95 N. E. 332.

The instructions given by the trial court, when taken as a whole, fairly state the law applicable to the case.

It is contended by appellant with much earnestness and plausibility that there is no evidence to support certain material averments of the complaint; but, since the case must be reversed, it will not be necessary for us to pass upon that and other questions presented which doubtless will not arise on a retrial.

Judgment reversed, with instructions to the trial court to grant appellant leave to refile his motion to strike from appellee's complaint the allegation that appellee is the mother of two children, one of which, on account of physical infirmities, requires her constant attention; also to grant appellant a new trial, and for further proceedings not inconsistent with this opinion.