## GUENTHER *v.* JACKSON.

[No. 11,212.   Filed December 14, 1922.]

1. PLEADING.— *Complaint.— Waiver of Defects.— Demurrer.— Memorandum.—Statutes.*—Under §344, cl. 6, Burns 1914, Acts 1911 p. 415, objections to the sufficiency of the complaint not stated in the memorandum filed with the demurrer are waived. p. 129.

2. PLEADING.—*Demurrer to Complaint.—Memorandum.—Statement of Objections.—Sufficiency.*—The general statement, in the memorandum accompanying the demurrer to the complaint, that the complaint failed to state facts sufficient to show a legal duty on the part of defendant toward plaintiff, is too general to present any question.   p. 130.

3. PLEADING.— *Demurrer.— Memorandum.—Requisites.—Specification of Objections.*—The memorandum accompanying a demurrer must be specific in stating wherein the pleading to which it is addressed is insufficient.   p. 130.

4. LANDLORD AND TENANT.— *Injuries to Tenant.— Landlord's Knowledge of Defect in Premises.—Evidence.—Sufficiency.*—In a sublessee's action against lessor for personal injuries due to defective stairway, evidence *held* insufficient to show that the lessor had knowledge of the defect in the step which gave way and caused the injury, which defect was hidden from view because covered by a mat.   p. 130.

5. LANDLORD AND TENANT.— *Defect in Premises.— Injuries to Tenant.—Landlord's Liability.*—Generally, the tenant cannot recover for personal injuries caused by the defective condition of the leased premises unless the landlord agrees to repair, and is negligent in doing so; but, if he knows of some hidden defect of which the tenant is ignorant, the obligation rests on him to give notice of the defect to the tenant, and he is liable for injuries arising from failure of that duty.   p. 132.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Helen M. Jackson against John J. Guenther. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Frank E. Osborn, Lee L. Osborn, Kenneth D. Osborn* and *Alfred J. Link,* for appellant.

*Ralph N. Smith* and *Ben C. Rees,* for appellee.

McMAHAN, J.—This is the second appeal in this cause. See *Guenther* v. *Jackson* (1920), 73 Ind. App. 162, 126 N. E. 873. After reversal appellee filed an amended complaint, alleging the ownership of a certain building by appellant, the leasing of the same to one Barnes and the subleasing of the second story of the building by Barnes to appellee's husband with whom she resided, that prior to the commencement of the tenancy of Barnes and prior to the occupancy of said premises by appellee the stairway leading to the rooms occupied by her were in an unsafe condition in that, one of the steps was cracked and covered with a mat which concealed the view of the crack from appellee or others passing over the stairs; that appellant knew of "such unsafe condition of said step and stairway, and had known of the same a long time prior to the injury to plaintiff, and for a sufficient length of time to have repaired same;" that appellant negligently allowed the step to remain in said unsafe condition; that appellee without any knowledge of such unsafe condition, and while going up said stairs was injured on account of the said defective step giving way. It is also alleged that previous to the tenancy of Barnes certain pipes had been placed in the building from the basement and running through the end of the defective step. But there is no allegation that this created any latent or hidden defect or that appellee had no knowledge of its existence.

Appellant's first contention is that the court erred in overruling his demurrer to the amended complaint. The theory of the pleader in drafting this complaint is not altogether clear. While it is alleged that there was a latent defect in the stairway prior to the leasing to Barnes, there is no allegation that appellant had any knowledge of such unsafe condition when he leased the premises to Barnes, or that, having such knowledge, he did not inform Barnes of such unsafe condition. The

specific charge against appellant is that he knew of the unsafe condition of the stairs a sufficient length of time prior to appellee's injury to have repaired the same, but that he negligently allowed it to remain in an unsafe condition, and that appellee was injured as a result of such negligence.

An examination of the record shows that the cause was tried upon the theory that the complaint alleged the existence of a latent defect, knowledge of the existence of such defect by appellant when he rented the premises to Barnes, a failure on the part of appellant to notify Barnes of such defect and the injury to appellee as a result of the failure of appellant to notify Barnes of the latent defect.

Appellee insists that the law of this case, in so far as the overruling of the demurrer to the complaint is concerned, was settled by this court on the former appeal. The complaint on which the cause was first tried, and which was on appeal held good, alleged that, in placing the pipe through the step in the stairway, a cleat which held the west end of the step had been removed, and that the removal of this cleat caused a latent defect which caused the step to be unsafe. Appellant's knowledge of the unsafe condition prior to renting to Barnes and want of knowledge on the part of appellee was also alleged in the original complaint.

In the complaint now under consideration no reference is made to the defect stated in the first complaint, and the only objection urged to the complaint on

1. the former appeal was that there was no allegation of a covenant on the part of appellant to repair. It was there held that the complaint did not proceed upon the theory that there was a contractual obligation on the part of appellant to repair, but upon the theory that appellant with knowledge of a latent de-

fect leased the building without disclosing the fact of such defect. The court on the former appeal correctly held the complaint good as against the objection then urged. But appellant on this appeal contends that the demurrer to the amended complaint should have been sustained, because there is no allegation that appellant knew of the alleged defect at the time when he leased the premises to Barnes. This objection, however, was not stated in the memorandum filed with appellant's demurrer, and was therefore waived. Acts 1911 p. 415, §344, cl. 6, Burns 1914.

The general statement in the memorandum to the effect that the complaint failed to state facts sufficient to show a legal duty on the part of appellant toward appellee is too general to present any question.

2, 3. The memorandum accompanying a demurrer must be specific in stating wherein the pleading to which it is addressed is insufficient. *Pittsburgh, etc., R. Co.* v. *Baughn* (1919), 70 Ind. App. 333, 123 N. E. 422. The complaint is good as against the objections stated in the memorandum filed with the demurrer. There was therefore no error in overruling the demurrer.

The next contention of appellant is that the court erred in overruling his motion for judgment on the answers of the jury to interrogatories. In view of the conclusion we have reached in relation to the overruling of the motion for a new trial, we do not deem it necessary to pass upon this question.

Appellant next contends that the court erred in overruling his motion for a new trial on the ground that the verdict is not sustained by sufficient evidence.

In support of this contention, appellant insists there is no evidence that appellant at any time prior to the time when appellee was injured, had any knowl-

4. edge of any split or crack in the tread of the step that caused the injury other than the cut and hole

at the end where the gas pipes passed through; that the evidence wholly fails to show that he had any knowledge of the crack extending diagonally across the step and which was hidden from view by the rubber mat; and that in the absence of such knowledge appellant cannot be held liable.

In our judgment this contention of appellant is well taken and that the court erred in overruling the motion for a new trial. No witness testified to the existence of this crack prior to the day on which appellee was injured, although there is evidence to the effect that an examination of the broken step immediately after the injury showed that there was an old crack in the tread under the rubber mat. The uncontradicted evidence is that appellant purchased the property in 1912 or 1913, at which time it was in the possession of one Smith, a tenant who ran a saloon in the lower room and lived upstairs; that Smith later sold the saloon to one Barnes, who thereafter took possession of the building and thereafter ran the saloon; that Barnes subsequently rented the building from appellant. Appellee's husband was a bartender for Barnes, and lived in the rooms over the saloon. Gas pipes which passed through the step in question, and the hole through which the pipes passed were in plain view so as to be seen by any one who had occasion to use the stairway. The floors in the rooms where appellee lived and the stairs were old and worn. All the treads or steps on the stairs were covered with rubber mats which had been placed there by Smith when he occupied the building. No witness testified that there was any crack or latent defect in the step that gave way, or that appellant had any notice or knowledge of any such a crack. Nor is there any evidence from which knowledge on the part of appellant of the existence of such defect can be inferred. Mr. Smith, the tenant prior to Barnes, testified that on one occasion

while he occupied the building he complained to appellant about the condition of the stairway and the floor upstairs, and that he told appellant, "the floors and stairway was in bad shape, asked to have a new floor put in, and told him if wife or self got hurt" would hold appellant liable.  After having testified about the gas pipes running through the tread and about the hole and crack running from the hole to the west wall, he was asked whether there was a split or crack running in the other direction across the tread, as alleged in the amended complaint, and said he could not say as to that; would not say there was or was not a split or crack there.  He also testified about having rubber mats put on the stairway from the bottom to the top, and, when appellee's counsel asked if the mats covered any part of the crack on the step in question, said:  "I could not say if there was a crack there.  I don't know whether there was a crack extending out there outside of the pipe.  If the stairway was cracked, I could not say." This is the only evidence relative to the existence of the crack in the step when appellant leased the building to Barnes or that appellant had any notice or knowledge of such a crack at any time prior to the day when appellee was injured.  There is no evidence that appellant ever saw the stairway other than the one time when Smith says he complained about the condition of the stairs and floors, and it is clear from the evidence that Smith did not say anything to appellant about the crack of which appellee complains, since he did not know a crack was there.

There being no evidence that appellant had any knowledge of the existence of the alleged defect, the verdict of the jury is not sustained by the evidence, and the court erred in overruling the motion for a new trial.  The general rule is that a tenant cannot recover for personal injuries caused by the de-

fective condition of the leased premises, unless the landlord agrees to repair, and is negligent in doing so. If, however, the landlord knows of some hidden defect in the leased premises of which the tenant is ignorant, the obligation rests on the landlord to give notice of such defect to the tenant, and he is liable for injuries arising from the failure of such duty. *Guenther* v. *Jackson, supra; Stumpf* v. *Leland,* 136 N. E. (Mass.) 399.

Without passing upon the question, as to whether the answer of the jury to the effect that the hole and cut in the step where the pipes passed through was the proximate cause of the injury, is in irreconcilable conflict with the general verdict, we are of the opinion that justice will be best subserved by reversing the cause and ordering a new trial because of the insufficiency of the evidence to sustain the verdict.

The cause is therefore reversed, with directions to grant a new trial and for further proceedings consistent with this opinion.