CHARLES F. HARTMETZ INVESTMENTS, INC. *v.*
LITTY ET AL.

[No. 19,050. Filed November 24, 1958. Rehearing denied
December 19, 1958. Transfer denied February 10, 1959.]

*McCray, Merrill, Clark & Craig* and *William L. Craig,* of counsel, all of Evansville, for appellant.

*Curtis C. Plopper,* of Boonville and *Clements & McClellan,* of Mt. Vernon, for appellees.

CRUMPACKER, J.—This action was brought by the appellees Mary Litty, Robert L. Cain and Charles W.

Brockman to recover damages for the alleged breach of a lease between them and the appellant Charles F. Hartmetz Investments, Inc. It was tried to the Posey Circuit Court, without a jury, and resulted in a finding for the appellees in the sum of $21,400 upon which appropriate judgment was entered in due course. The appellant's motion for a new trial is predicated upon the following grounds: (1) "The damages assessed are excessive. (2) "Error in the assessment of the amount of recovery in this, that the amount is too large. (3) "The decision of the court is not sustained by sufficient evidence. (4) "The decision of the court is contrary to law." Error is charged in that (1) a demurrer addressed to the complaint, and (2) the appellant's motion for a new trial were each erroneously overruled.

An examination of the appellees' complaint indicates, rather clearly we think, that it is predicated upon the theory that the appellant's failure to make re- ██ repairs to the leased premises in accordance with the obligation to do so imposed on it by its written covenant, caused said building to be condemned by the city of Evansville as untenantable thus constituting a constructive eviction by the appellant. In general it may be said that a complaint based upon such a theory is good as against a demurrer for want of facts if it pleads: (1) All the pertinent covenants of the lease fixing the landlord's duty to make repairs; (2) notice to the landlord of the need of repairs; (3) failure of landlord to make repairs within a reasonable time after notice; (4) failure to repair resulted in leased premises becoming untenantable for the purposes contemplated by the lease; (5) any special damages that resulted. 51 C. J. S., Landlord and Tenant, §373 (e). While the appellees' complaint contains all of the above allegations of fact, it also shows upon its

face that the leased property was sold by the appellant during the term of the lease and subject thereto and that the appellees duly acknowledged the new owners as their landlords. This, the appellant contends, constitutes a complete attornment by the appellees from it to the new owners and releases it from liability on the lease thus making the complaint bad on demurrer. Although the memorandum accompanying appellant's demurrer states "the complaint affirmatively alleges that the defendant conveyed the property subject to all the terms of the lease under which the plaintiff claims," such statement palpably is inadequate to raise the question of attornment and such question is therefore waived as far as a consideration of the demurrer is concerned. *Guenther* v. *Jackson* (1922), 79 Ind. App. 127, 137 N. E. 582; *Chicago, etc., R. Co.* v. *Ellis, Admx.* (1925), 83 Ind. App. 701, 149 N. E. 909. In our opinion the appellant's demurrer to the complaint was properly overruled.

The appellant next contends that the damages assessed by the court are excessive. The evidence most favorable to the appellees bearing on the subject of damages tends to prove that the business which the appellees operated in the leased premises had been so long established in its then location that the net profit to be derived therefrom during the remainder of the term of the lease involved could be predicted with reasonable accuracy. The appellee Mary Litty was the only witness who testified on the question of damages and the appellant offered no evidence in mitigation or refutation of the various items of damage or loss as stated by her. She testified that on or about the 20th day of September, 1955, one Henry Kratz, as commissioner of buildings for the city of Evansville, having discovered a crack in the southwest wall of

the leased building, posted on the plate glass window in the front of the storeroom on the ground floor thereof, occupied by the appellees as a tavern, a notice that the building had been condemned as unsafe for occupancy. Thereupon roomers, occupying sleeping rooms on the second and third floors, of said building moved out and the appellees suffered a $1,600 loss of rentals thereby. The bar and restaurant on the first floor of the condemned building, known as the Crescent City Tavern, lost an anticipated profit of $9,800 for the remainder of the term of the lease. Furthermore the appellee, being compelled to vacate the building and not being disposed to attempt a relocation of their business, sold the furniture in the hotel rooms and the fixtures and equipment in the bar and restaurant for $10,000 under cost price. This was an erroneous measure of damages but the evidence was admitted without objection and any error connected with its admission is waived. The appellant's sole contention in reference to this item of damage seems to be that the appellees made no effort to get a reasonable price for the property involved but voluntarily sold it for a price far under its market value. We have carefully examined the narrative recital of the evidence in the appellant's brief and find nothing to support that contention.

The appellant next asserts that the decision of the court is not sustained by sufficient evidence. We see no necessity for an extended discussion of this contention. We have heretofore detailed the allegations of fact necessary to a good complaint in an action by a tenant for failure of the landlord to repair. A search of the record discloses evidence tending to establish each of the elements necessary to a good case and we are therefore constrained to hold that the decision of the court is sustained by sufficient evidence.

Finally the appellant contends that such decision is contrary to law for the following reasons: (1) The undisputed evidence discloses that the appellant ██ kept its covenant to maintain the premises in such shape that they were fit for the use and occupancy for which the lessees desired to use them. We think that statement is correct up to the time the adjoining Grand Hotel building was razed. Then the crack in the southwest wall of the appellant's building, according to the evidence most favorable to the appellees, rendered it unsafe for occupancy. (2) An eviction of a tenant which results from the lawful exercise of one of the legitimate powers of the duly appointed building commissioner of the city of Evansville is not an eviction by a title paramount and the appellant is not responsible therefor. We can have no quarrel with that statement of principle but it has no application here. There is evidence to the effect that on August 10, 1955, the building commissioner of the city of Evansville told the appellee Mary Litty that he was going to condemn the building because of the condition of the southwest wall. Said appellee thereupon notified the appellant of the proposed action of the building commissioner and demanded that said wall be repaired. The appellant, after obtaining estimates of the cost of repairs, concluded that they "could not profitably repair it" and declined to do so. This resulted in the ultimate condemnation of the building and the appellees' eviction. Under such circumstances the eviction is constructively charged to the appellant and thus makes it an eviction by a paramount title. (3) There was a complete attornment by the appellees to Traylor and Traylor as their new landlords and as a breach of a covenant to repair is a continuing breach the appellant is not responsible for any damages occurring sub-

sequent to November 15, 1955, the date of such attornment. When the facts relied upon as a defense, partial or complete, admit or do not controvert the facts alleged in the complaint but seek to avoid the cause of action by showing that it no longer exists, such new matter must be specially pleaded. *Interstate Public Service Co.* v. *Weiss, Admr.* (1935), 208 Ind. 122, 193 N. E. 2d 226. Certainly attornment is such a defense and it is obvious that it is not now available to the appellant because it was not specially pleaded.

Judgment Affirmed.

NOTE.—Reported in 153 N. E. 2d 924.