Fey MOORE, Administratrix of the Estate of
Thomas Leroy Moore, Deceased,
Appellant (Plaintiff below),

v.

Kenneth Stanley KONDZIELA, Appellee
(Defendant below).

No. 3394.

Supreme Court of Wyoming.

Sept. 20, 1965.

Jerry A. Yaap and Raymond B. Whitaker,
Casper, for appellant.

Brooke Wunnicke and A. Joseph Wil-
liams, of Williams, Wunnicke & Fennell,
Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-
BERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Thomas Leroy Moore was killed in an automobile accident while riding as a guest of Kenneth Stanley Kondziela. The administratrix of the estate of the deceased brought action against Kondziela alleging gross negligence, apparently to avoid operation of Wyoming's guest statute. Upon trial to a jury the verdict and judgment were for defendant. Plaintiff has appealed.

The principal ground for appeal is that the trial court erred in giving Instruction 14 to the jury over plaintiff's objection. It reads as follows:

"You are instructed that this is a guest case, that Tom Moore was a guest in Kenneth Kondziela's car, and that under the law of Wyoming the Plaintiff has the burden of proving that Kenneth Kondziela's driving was such as to constitute 'gross negligence' before she can recover for the death of Tom Moore.

"Gross negligence means great or extreme negligence. Gross negligence includes an element of carelessness so great or extreme that the jury can say that there was a degree of negligence substantially greater than would constitute ordinary negligence. The driver's error in judgment, momentary inattention, or loss of presence of mind does not make out gross negligence. Excessive speed, by itself, does not constitute gross negligence until it becomes so great that it and the surrounding circumstance make it appear probable that an accident will result."

The questions to be decided by us are whether this instruction was proper, and if not, whether it was prejudicial to plaintiff. The argument made by counsel for the administratrix, as we understand it, is that our court has defined gross negligence in the cases of Mitchell v. Walters, 55 Wyo. 317, 100 P.2d 102, 106–108; Hawkins v. L. C. Jones Trucking Co., Inc., 68 Wyo. 275, 232 P.2d 1014; and McClure v. Latta, Wyo.., 348 P.2d 1057, 1062; and that the definition established in these cases does not correspond to the gross-negligence instruction used by the trial court in the instant case.

We agree the language contained in Instruction 14 is not identical to the language employed, or quoted with approval, in the cases cited. That is not to say, however, that the meaning is inconsistent therewith.

■ From the Mitchell case forward, this court has made it clear that *gross negligence* is a degree of negligence substantially greater than ordinary negligence, although something short of *willful and wanton misconduct*. We continue to adhere to this pronouncement. Instruction 14, in the case at bar, informed the jury that gross negligence had to be a degree of negligence substantially greater than ordinary negligence. With respect to it being something short of willful and wanton misconduct, that matter was covered fully in Instruction 17, which was also given by the trial court.

Indeed, between Instruction 14 and Instruction 17, everything which appellant claims should have been included in a definition of gross negligence was included, and in language very similar, if not identical, to the language quoted by appellant from the cases cited. If, in both instructions, everything concerning gross negligence was said which the administratrix claims should have been said, and we find this was done, then there is nothing to complain of unless some statement was made which was erroneous, misleading or prejudicial.

In that regard, counsel for appellant refers to the statement, "The driver's error in judgment, momentary inattention, or loss of presence of mind does not make out gross negligence." He agrees this statement comes from 4 (Part 1) Blashfield, Cyclopedia of Automobile Law and Practice, § 2322, p. 407 (Perm.Ed.), and that it is quoted in the case of Mitchell v. Walters, supra. He claims that in quoting the statement our court failed to approve it.

It is true the statement was not expressly approved in so many words in the Mitchell opinion, but it was not disapproved and the manner in which it was referred to carries a fair implication of approval. Suffice it to say, as far as the present case is concerned, appellant does not suggest wherein the statement is erroneous, misleading or prejudicial to her, and in the absence of such a showing we will not condemn its use in the instruction here challenged.

The administratrix mentions only one other statement in Instruction 14 as an inaccurate statement of law. It is the last sentence of the instruction reading: "Excessive speed, by itself, does not constitute gross negligence until it becomes so great that it and the surrounding circumstance make it appear probable that an accident will result."

In Meyer v. Culley, 69 Wyo. 285, 241 P.2d 87, 94, it was said speed of itself does not constitute "willful misconduct," yet there may be a point at which speed became so excessive that the danger of injury to a guest was probable at such extreme speed and that this might constitute "willful misconduct." The query presented to us is, if extreme speed which makes it appear probable that an accident will result might constitute willful misconduct, then would it be erroneous to say excessive speed does not constitute "gross negligence" *until* it becomes so great that it and surrounding circumstances make it appear probable that an accident will result?

The administratrix has failed to show how speed can constitute gross negligence *before* it becomes so great that it and surrounding circumstances make it appear probable an accident will result. Moreover, she does not cite us to any authority which suggests that speed of itself may be gross negligence, without the speed becoming so great that it and surrounding circumstances make it appear probable an accident will result.

The Meyer case does not say or imply, when speed becomes excessive enough to make it appear probable that an accident will result, it necessarily constitutes willful misconduct. What was said was that it "might constitute" willful misconduct. We know of no reason why it would not be just as proper to say it "might constitute" gross negligence. In other words, speed great enough to make it appear probable that an accident will result might constitute either gross negligence or willful misconduct, depending upon the degree of speed and the surrounding circumstances.

The courts have held there is a distinction between the terms "gross negligence" and "willful and wanton misconduct," and that gross negligence is that degree of negligence which lies in the area between ordinary negligence and willful and wanton misconduct sufficient to support a judgment for punitive damages or a conviction of manslaughter. 8 Am.Jur.2d, Automobiles and Highway Traffic, § 487, p. 55.

And the Florida courts, under a guest statute similar to ours, have held if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or clear and present the negligence is gross, whereas other negligence would be ordinary. See Carraway v. Revell, Fla., 116 So.2d 16, 22–23, conformed Id., Fla.App., 123 So.2d 400, affirmed Revell v. Carraway, Fla.App., 124 So.2d 874.

For language more like the language used in Instruction 14 in the case before us, we notice the Supreme Court of Oregon, in Williamson v. McKenna, 223 Or. 366, 354 P.2d 56, 68, concluded "gross negligence" as used in the Oregon guest statute means reckless conduct. It then stated, at 354 P.2d 70, that conduct is not reckless "unless" the probability that harm will result is strong.

No case has been called to our attention which delineates the minimum requirement for gross negligence, as far as speed is concerned—or in other words, the point at which ordinary negligence leaves off and gross negligence begins. However, the cases we have reviewed do indicate quite clearly that it takes a situation where the

operator of a motor vehicle, in a guest-statute case, knows or should know of the probability of an accident, to make out a case of gross negligence.

Excessive speed alone does not constitute either gross negligence or willful misconduct, within the meaning of a guest statute, but it is a factor to be considered in determining whether the operator of a motor vehicle was guilty of such conduct. See 8 Am.Jur.2d, Automobiles and Highway Traffic, § 507, p. 68. This determination must be made from the facts and circumstances in the particular case. McClure v. Latta, Wyo., 348 P.2d 1057, 1062.

We conclude this discussion by saying what we have previously indicated, that appellant has failed to show how speed could constitute gross negligence without it and surrounding circumstances making it appear probable an accident would result. Therefore, she has not established the presence of prejudicial error in the giving of Instruction 14.

Although appellant-administratrix suggests, with only slight argument on the point, that her allegations of gross negligence were supported by substantial, consistent and convincing evidence and that the verdict was erroneous because it did not follow such evidence, we find the record replete with ample evidence to the contrary and in conflict with appellant's theory. The question of gross negligence was clearly a jury question, and we cannot say as a matter of law that the jury was wrong in finding a lack of gross negligence on the part of Kondziela. See Arnold v. Jennings, 75 Wyo. 463, 296 P.2d 989, 990.

By way of an "Addendum to Appellant's Brief," it is suggested (1) that the trial court erred by failing to hold a pretrial conference; and (2) that it erred by reversing an order for defendant to produce statements taken in behalf of defendant from certain witnesses.

With respect to the absence of a pretrial conference, there is no showing in the record that objection was made at the trial court level and an opportunity afforded for the trial court to rectify its procedure. We have repeatedly said it is a rule of almost universal application that, with the exception of such matters as jurisdictional or other fundamental matters, the supreme court will not consider questions which have not been considered by the district court. Gore v. John, 61 Wyo. 246, 157 P.2d 552, 556; Application of Northern Utilities Co., 70 Wyo. 225, 247 P.2d 767, 779; Strom v. Felton, 76 Wyo. 370, 302 P.2d 917, 924.

Concerning the claim of error in reversing an order for defendant to produce certain documents, appellant has not attempted to show that she was prejudiced by this action. In the absence of such a showing, we have no reason to believe the court abused its discretion. Accordingly, we will follow the general rule that a case will not be reversed for error, if any, in denying a motion for production of documents where appellant fails to show that he was prejudiced thereby. See 5A C.J.S. Appeal and Error § 1717, pp. 907–908.

Affirmed.

PARKER, Chief Justice (dissenting):

The judgment should be reversed and the case remanded for new trial. In Mitchell v. Walters, 55 Wyo. 317, 100 P.2d 102, 107, we made clear that there was a distinction between gross negligence and willful misconduct when we quoted with approval the statement:

"* * * 'Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the willful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence * * *. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from

willful and intentional conduct which is or ought to be known to have a tendency to injure. * * *"

Thereafter in Meyer v. Culley, 69 Wyo. 285, 241 P.2d 87, 94, we said:

"While it is generally true that mere speed of itself does not constitute 'wilful misconduct' yet there may be a point at which the speed became so excessive that the danger of injury to a guest was probable at such extreme speed and that this might constitute 'wilful mis-conduct.' * * *"

The trial court in the present case used that statement as a basis for the last sentence in Instruction 14, substituting "gross negligence" for "wilful misconduct" and adding the words "and the surrounding circumstance." It thereby established a different criterion of gross negligence, which plaintiff was required to meet before she could recover, and committed prejudicial error. I hold that the distinction between gross negligence and willful misconduct is real and should be maintained, but if not, we should say so without equivocation.