TEXAS GULF SULPHUR COMPANY, a cor-
poration, Appellant (Defendant
below),

v.

Valentin G. ROBLES, Appellee
(Plaintiff below).

No. 4112.

Supreme Court of Wyoming.

July 6, 1973.

Raymond J. Connell and William J. Kirven III, of Yegge, Hall & Evans, Denver, Colo., for appellant.

Robert H. Johnson, Rock Springs, G. L. Spence, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

Valentin G. Robles, appellee, plaintiff below, brought this action against Texas Gulf Sulphur, appellant, defendant below, for injuries sustained while working in a mine shaft upon property owned by said appellant. After a jury trial with a resultant verdict for the plaintiff in the sum of $125,000, judgment was entered thereon with costs and it is from that judgment appellant prosecutes this appeal.

Robles was employed by Winston, who had a contract with appellant for sinking the shaft for the development of a trona mine in Sweetwater County. He was badly injured as the result of a fall while engaged in such work on May 20, 1968. Stated very generally, Robles bases his claim upon the assertion that the company was negligent in its failure to comply with numerous mine safety laws and regulations of this state and its failure to properly supervise the safety conditions and operations of Winston. Defendant relies upon defenses of denial of negligence, contributory negligence on the part of Robles, and his assumption of risk.

A fan with a canvas conduit was used to carry air into and down the shaft and to force out fumes and dust but was not operative at the time of the accident. There is conflict as to who turned this fan off. The bottom of said canvas conduit was some 68 to 70 feet off the bottom of the shaft and had not been lowered into the actual area where this man was employed. Immediately prior to the time of this accident Robles was employed with a crew in the shaft at a depth of nearly 600 feet where they were removing steel forms used in connection with the lining of this shaft with concrete. Robles had gone to work at midnight and after a lunch break around 4 a. m. he fell approximately 20 feet while he was climbing the side of the shaft on a form while returning from the

bottom to a landing. He apparently lost consciousness or blacked out and fell. Although he had no definite idea what caused him to fall, he believes a possible cause might have been hypoxia, or oxygen starvation, resultant from negligence of the company in failing to properly supervise the work pursued thereunder.

Although there is a long and voluminous record a more complete discussion of the facts appears unnecessary because of the posture of this appeal.

## WORKMEN'S COMPENSATION DEFENSE

■ The company urges as a first ground for reversal that the court erred in not directing a verdict for it upon the ground it was the statutory employer under § 27–60(D), W.S.1957, and was entitled to immunity from suit by virtue of §§ 27–50 and 27–51, W.S.1957. The first time this defense was suggested was on the motion for directed verdict at the close of plaintiff's case. This defense does not appear in the pleadings nor is it in any manner mentioned in the company's pretrial memorandum or the pretrial order. It is not asserted or mentioned in the motion for new trial filed December 23, 1971, and first emerges as a claimed error in the so-called supplemental motion for new trial filed February 4, 1971, after denial of the original motion. The company did not plead this as an affirmative defense (Rule 8(c), W.R.C.P.), and although this is not specifically enumerated in that rule as being an affirmative defense, it clearly fits the description of "any other matter constituting *an avoidance* or affirmative defense" (emphasis supplied). It must be pleaded and raised in the lower court. A general and almost universal identifying criterion of an affirmative defense is one in avoidance, or stated alternatively a direct or implicit admission of plaintiff's claim and assertion of other facts which would defeat a right to recovery, Horst v. Morand Brothers Beverage Co., 96 Ill.App.2d 68, 237 N.E.2d 732, 738; Armstrong v. Johnson Motor Lines, Inc., 12 Md.App. 492, 280 A.2d 24,

29; Charles F. Hartmetz Investments v. Litty, 129 Ind.App. 251, 153 N.E.2d 924, 926. We have heretofore styled the defense of a bona fide purchaser for value as an affirmative defense which must be specifically pleaded, Wheatland Irrigation District v. Dodge, Wyo., 387 P.2d 679, 683. It has been frequently recognized that this defense is an affirmative one in cases involving a claim of avoidance because of workmen's compensation coverage, Behringer v. Inspiration Consol. Copper Co., 17 Ariz. 232, 149 P. 1065, 1067; Dalgleish v. Holt, 108 Cal.App.2d 561, 237 P.2d 553, 557; McDaniel v. Kerr, 364 Mo. 1, 258 S. W.2d 629, 635; Hammett v. Vogue, 179 Tenn. 284, 165 S.W.2d 577, 579. The failure to raise such a defense is a waiver and results in its removal from the case, and further cannot be raised on appeal, Pangarova v. Nichols, Wyo., 419 P.2d 688, 691; 5 Wright and Miller, Federal Practice and Procedure, § 1278, p. 339 (1969), and cases cited therein. For these reasons this matter is not before us in this appeal.

## EVIDENTIARY MATTERS

■ Appellant contends the court erred by allowing witnesses Dr. Phibbs and T. L. Johnson, a mining engineer of long, wide, and varied experience, to improperly answer hypothetical questions and to permit testimony dealing with guess, speculation, and conjecture. The company asserts a particular objection to a portion of a hypothetical question posed to Johnson as follows:

> "You may take into account, if you will, the testimony of Dr. Phibbs that you heard this morning read from his deposition *relating to the effects of hypoxia as stated in that deposition*." (Emphasis supplied.)

The principal basis of the company's claim of error is the assertion of the general principle or rule that an expert witness may not have placed before him, in a hypothetical question, the opinion or inference of another expert or that an expert cannot base his opinion upon the opinion

of another witness and a party cannot incorporate in a hypothetical question the opinion of another expert, and cites much authority thereon. It is interesting to note that 2 Wigmore on Evidence, § 682, p. 810 (3d Ed.), criticizes the rationale of this rule. 2 Jones on Evidence, § 14:22, p. 645 (6th Ed.), notes relaxation of what it terms a prevailing rule; and McCormick on Evidence, p. 33 (2d Ed.), suggests a wide latitude in the trial judge. Both Wigmore and McCormick note the obvious difficulty in distinguishing between inferences and facts in this area. The following statement from McCormick, supra, at 32, appears most applicable herein:

> " * * * Of course, it will often be apparent that the witness is being asked only to accept the objective descriptions given by the previous experts, not their inferences or conclusions, and then there can be no objection, * * * "

The question covers the effects of hypoxia. The effects of such condition would appear to be a medical fact. Dr. Phibbs was not testifying as to his opinion or drawing inferences when he testified to these results. The fact that Dr. Phibbs was a qualified expert does not result in his entire testimony being opinion or inference.

█ The other error which is urged in connection with the Johnson testimony is directed at a hypothetical question some three and one-half pages in length, and after a most critical statement of the form of the question concludes that the question was not a proper hypothetical question, citing authority that such question must be proper in form and content and that it must "contain a full and fair recital of all relevant and material facts already in evidence," 32 C.J.S. Evidence § 551(2)b, p. 526. However, appellant does not point out any single objection or prejudicial part thereof nor does it indicate the facts it claims are improperly contained therein or omitted therefrom. Without this particularity this court could only speculate as to the claimed error. This court has said before we will not consider questions not

supported by cited authority or cogent argument, Wagoner v. Turpin Park Irrigation Co., Wyo., 489 P.2d 630, 634. It is of paramount importance to a consideration of an assignment of this character that the particular facts upon which this claim is based be indicated and discussed. A hypothetical question is not improper if it sets forth the theory of the party and "in general the facts which the evidence tended to prove, so that any failure to adhere literally to the evidence is not fatal," Culver v. Sekulich, 80 Wyo. 437, 344 P.2d 146, 151. The same case cites with approval a statement that the rejection of such question must be based upon a failure in an important area and not in a trifling respect. It is not necessary that the question contain every possible fact, Culver v. Sekulich, supra, 344 P.2d 152. Without such enunciation and discussion we must assume the rule in Culver applied or these failures would have been indicated in the brief.

█ The testimony of John Kovach, Safety Engineer for FMC Corporation with many years' experience, attributes the cause of the fall to the lack of oxygen or monoxide and no question or objection was raised in connection with his testimony. The testimony of Dr. Phibbs, which will hereinafter be discussed, is also essentially the same as that of Johnson. In light of the fact that no contention is made that the evidence was insufficient to sustain this verdict there is a definite burden upon the appellant to demonstrate the prejudicial effect of this evidence as a basis for reversible error, Rule 61, W.R.C.P.; Willis v. Asbury Transportation Co., Wyo., 386 P.2d 934, 937; State Highway Commission of Wyoming v. Joe Miller Land Company, Wyo., 467 P.2d 450, 456.

The company asserts error in the reception of certain testimony of Dr. Phibbs contained in his deposition and engages in an all-inclusive and broad-spectrum attack thereon. The testimony of Dr. Phibbs is directed in two areas, i. e., the cause of injury, or to the question of basic liability; and secondly, to the effects of this accident

upon the plaintiff which must perforce be considered in connection with the damages suffered by the plaintiff.

We will not consider objections to any of the testimony with reference to the damage claim inasmuch as appellant does not claim the verdict was excessive. It is hard to conceive that a claimed prejudicial error may be predicated thereon under these circumstances, Rule 61, W.R.C.P.; Robertson v. State Highway Commission, Wyo., 450 P.2d 1003, 1004–1005, and cases cited; Lammey v. Producers Livestock Credit Corporation, Wyo., 463 P.2d 491, 492. Further complaint was made about certain questions propounded to Dr. Phibbs where no objection appears in the record. These can not now be urged.

■ Appellant attacks particularly an answer to Dr. Phibbs that the cause of the fall probably involved two factors, (1) inadequate air, and (2) heat exhaustion. An examination of the record discloses no objection to this answer nor was objection made that it was not responsive nor was any motion to strike made. Appellant decries this as the epitome of this objectionable testimony but, absent objection to the testimony or a motion to strike it, this matter is not before us.

■ The company's complaint in connection with the long, hypothetical question, which they now insist assumed facts not in evidence and required the witness to assume facts which might later be established and that the witness was allowed to speculate if the fan was off or on, is not accompanied by any statement or indication as to what part of the question they are urging to be objectionable. There is also vigorous complaint made that counsel was testifying in a portion of the questions to which objection is taken. It must be suggested that in absence of objection at the time this deposition was taken objection as to the form of the questions is waived, Rule 32(b), W.R.C.P. Criticism of opposing counsel in no manner substitutes for proper objection or cogent argument or authority. Illustrative of the

approach of appellant in its brief is the following claim of asserted error:

"* * * the entire testimony extending from page 22, line 5, to page 23, line 17, consists of admission of facts not in evidence, hearsay testimony on the part of counsel, testimony as to what plaintiff was wearing, and finally, the witness renders an opinion which is based entirely on the hearsay testimony and opinions · of others."

This statement raises these unavoidable queries: What facts in the hypothetical question are not in evidence? What is the hearsay testimony on the part of counsel? What is objectionable as to what plaintiff was wearing? What is the hearsay evidence and opinion of others upon· which they allege Dr. Phibbs' opinion was based? The remarks heretofore made in connection with the Johnson testimony are fully applicable herein.

To further compound the confusion in this area, among the other matters urged in connection with these alleged errors is reception into evidence of a portion of the deposition constituting the cross-examination of Dr. Phibbs at the time of taking the deposition and which was subsequently read to the jury without objection by one of appellant's counsel. This is a most unique and novel suggestion that error may be asserted under these circumstances.

Appellant contends that the court erred in allowing plaintiff's attorney to cross-examine Ogg, an employee of the company, as to the interpretation of the contract when he was called as an adverse witness. This contention cannot be considered. The brief utterly fails to comply with the standard exacted by Rule 12(c)(5), Rules of the Supreme Court of Wyoming, by failing in its argument to exhibit "clearly, separately, and without unnecessary repetition the points of fact and law presented to sustain * * * the appeal." Nor does its argument upon this point qualify as a "succinct statement of the argument * * *, including a specific enumeration by appellant of the points upon which he

relies for reversal * * *," Rule 12(c)(4), Rules of the Supreme Court of Wyoming. Their attack therein is directed at some 77 pages of testimony, yet the only specific portion of such testimony mentioned and described as "illustrative" reveals no objections were made thereto nor are any other objections called to our attention. This cannot be described as a succinct statement nor a specific enumeration of the points relied upon and is inadequate briefing, Parker v. Hoefer, 118 Vt. 1, 100 A.2d 434, 438, 38 A.L.R.2d 1216.

## INSTRUCTIONS

The company contends the trial court committed error in giving ten instructions, being Nos. 2, 5, 6, 7, 8, 9, 10, 11, 12, and 13. In pursuing this argument the appellant has in no instance correlated or attempted to correlate the objections made at the time of the trial with the objections asserted in its brief and has in most, if not all, instances, included additional or other grounds as well as the one relied upon and in some instances has asserted completely new grounds. This does not tend to make the position of the appellant clear, or even completely understandable in some areas. Strangely enough, in face of this broad and all-inclusive attack on these instructions, there is only one refused instruction in the record which is shown to have been offered by the appellant and refused by the court, although plaintiff is shown to have offered instructions which were refused, being A through L, inclusive—12 in number. Defendant's proffered instruction has only to do with negligence of the plaintiff and no question is raised in this appeal based upon its refusal.

■ The objections made at the time of trial are in many instances not clear and very general. Error may not be assigned unless objection has been made thereto with a distinct statement of the matter to which objection is made and the grounds for this objection, and indicating with definiteness and particularity the error asserted, Drummer v. State, Wyo., 366 P.2d 20, 24, and cases cited therein; Rule 51, W.R. C.P. This standard must govern our review of the assignments in this case.

Insofar as this appeal involves objections to Instructions 5, 7, 8, 11, and 12, they are not properly before us for review. Appellant here asserts an error in connection with Instruction 5 not preserved at the trial.[1] We find no objection in the record which could possibly be interpreted as directed at Instruction 7.[2] No place in the proceedings when the instructions were settled by the judge do we find any objection directed to Instruction 8 by number and appellant's brief refers to no such objection.[3] It is impossible to determine if the objections asserted here have any basis and we will not engage in speculation to determine this question.[4] In its attack on Instruction 11 appellant cites no authority or cogent argument.[5] From this record we can find no objection directed at Instruction 12.[6] This last may have been occasioned by a factual situation which will be later mentioned.

■ Appellant contends that all of the second paragraph of Instruction 2 was improperly given. However, an examination of the record reveals that objection was only made to this portion of the instruction:

"Texas Gulf Sulphur was negligent in the selection of Winston Brothers who, plaintiff contends, were not competent and careful persons to do the work in

---

1. *Joly v. Safeway Stores, Inc.*, Wyo., 502 P.2d 362, 364; *Moore v. Kondziela*, Wyo., 405 P.2d 788, 791.

2. Id.

3. Id.

4. Id.

5. *Nichols v. Pangarova*, Wyo., 443 P.2d 756, 763; *Stolldorf v. Stolldorf*, Wyo., 384 P.2d 969, 973.

6. *Joly v. Safeway Stores, Inc.*, supra; *Moore v. Kondziela*, supra. The authorities cited in this footnote are applicable to our disposal of arguments on several other instructions and will not be repeated hereafter.

this case which involved an unreasonable risk of physical harm to the plaintiff, * * * "

We will consider only that portion to which objection was made. Appellant rests its claim of error in this regard that "There is absolutely no evidence to establish that Winston Brothers was not competent contractors [sic]. As a matter of fact, the evidence is directly to the contrary." There is no mention of any evidence upon which this assertion is based. An examination of the record reveals evidence of violation of safety laws and regulations and inexperience of the company and its project engineer in this particular character of work. There is evidence justifying this instruction.

 Appellant, both at the time of the trial and upon this appeal, launches a very broad and all-inclusive attack upon Instruction 6. It would be extremely difficult to list or discuss the various assignments or arguments which in some instances lack a definite statement required to focus attention upon any specific error or claim. However, at the time of the settlement of these instructions the court suggested that the appellant submit an instruction and later, prior to the time the instructions were read, renewed this offer. No such proferred instruction appears ever to have been offered or refused. This court has heretofore observed that the parties not only have this right but this duty, and in the absence of submission of a proper written instruction they are deemed to have waived the claimed error, Logan v. Pacific Intermountain Express, Wyo., 400 P.2d 488, 492.

At the trial objection was made to Instruction 9 that it was argumentative, that it was repetitious of an instruction previously given, and placed undue emphasis on the matter of control. The brief does not point out to us wherein it is argumentative or repetitious or does not make any cogent argument to support such claim. We find no cogent argument directed at the question of undue emphasis being placed upon control. The record simply does not sustain this claim.

Objection was made at the trial to Instruction 10 on the grounds that it failed to define "inherently dangerous" and that there was no evidence justifying the submission to the jury that Winston was incompetent. No argument is pursued that the words "inherently dangerous" should have been defined. The claim there is no basis in the evidence for the submission of the question of the competence of Winston to the jury was considered in our disposal of the objection to a portion of Instruction 2.

The objection which appears in the transcript with apparent reference to Instruction 12 cannot with any stretch of the imagination be construed as referring to Instruction 12 as given. It would appear that appellant's attorneys at the trial when they affirmatively stated they had no objection to Instruction 13 were referring to this instruction now numbered 12, particularly in light of the fact that these asserted objections to what they then refer to as Instruction 14 can have absolutely no application to that instruction. Strangely, appellant neither recognizes nor attempts any explanation in the area of this amazing confusion. Appellee does seek to make an explanation thereof and to clarify this situation. The transcript reveals that the objection directed to an instruction referred to in the transcript as Number 14 and as beginning with the sentence "It is generally the rule that a company which knowingly deals with a dangerous agency must exercise care commensurate with the danger of the injury involved," which is the first sentence in Instruction 13, so we will indulge in a presumption that this objection is directed at that instruction. Obviously, it cannot apply to Instruction 14.

 The objection asserted in the trial court to what they referred to as Instruction 14 was that although it was a correct statement of the law it was inapplicable to this situation, there being no evidence of

agency or a dangerous agency, and that it instructed the jury that in this situation extreme care was required. We will confine ourselves to that area. Appellant asserts that the "biggest problem" is the manner in which the court instructed with reference to the degree of care required when one deals with a dangerous agency. This instruction was based directly upon the opinion in Pan American Petroleum Corporation v. Like, Wyo., 381 P.2d 70, 74, and merits no further discussion. Appellant bases its argument that the rule is inapplicable upon the citation of certain authority where the instrumentalities in place were under the control of the contractor, in this case Winston. Inasmuch as there is considerable evidence of control and supervision on the part of the appellant herein and that question was submitted to the jury by proper instruction these authorities are not applicable. Another complete answer to this claimed error is the fact that no other instruction was ever offered or refused and the doctrine of waiver applies, Logan v. Pacific Intermountain Express Company, Wyo., supra.

The judgment is therefore affirmed.

PARKER, C. J., concurs in the result.