Ethel S. MORAD, as Executrix of the Estate of Roland D. Morad, Deceased, and Ethel S. Morad, Appellants (Plaintiffs below),

v.

Raymond B. WHITAKER and Bloody Turnip, Inc., a Wyoming Corporation, Appellees, (Defendants below).

No. 4614.

Supreme Court of Wyoming.

June 15, 1977.

David N. Hitchcock, Laramie, for appellants.

James R. McCarty, of Whitaker & McCarty, Casper, for appellees.

Before McCLINTOCK, RAPER and THOMAS, JJ., and ARMSTRONG and PEARSON, District Judges, retired.

ARMSTRONG, District Judge, retired.

Appellant Ethel S. Morad and her now deceased husband, Roland Morad, entered into a written agreement on February 5, 1971, to sell their interest in certain land to appellees, Raymond B. Whitaker and Bloody Turnip, Inc., a Wyoming corporation, for the sum of $40,000.00. The contract called for a down payment of $15,000.00, which was paid, and annual installments of $5,000.00 for five years drawing interest at 8% per annum.

Roland Morad died January 15, 1974. On February 5, 1974, appellant, Mrs. Morad, requested of appellee Whitaker a payment of an installment and for a statement of account of the balance due on the contract. On July 19, 1974, appellee, on his own behalf and as president of the corporation, delivered a "preliminary accounting" of payments made to Roland Morad in his lifetime. The accounting consisted of a list of checks from the accounts of both appellees.

Mrs. Morad filed suit as an individual and as executrix against appellees on December 27, 1974. An amended complaint was filed May 23, 1975, which alleged that no installments had been paid and that even if the credits, which appellees claimed in the preliminary accounting and in the answers to interrogatories, were allowed there was a balance then due and owing of $10,568.56.

Appellee Whitaker filed a counterclaim alleging that Mrs. Morad owed him $4,550 for legal services.

At trial, on August 5, 1975, Mrs. Morad testified that the down payment had been made and that other sums has been received by her late husband, but she did not know the amounts or purpose thereof.

Appellees offered into evidence 67 checks which had been listed theretofore in the interrogatories, together with a summary of the checks, as book records of the payments on the contract. Appellants objected to the offer on the ground that payment or accord and satisfaction had not been pleaded as affirmative defenses required by W.R.C.P. 8(c). Appellants' further objection was that the dead man's statute, § 1–140, W.S. 1957, prohibited Whitaker from testifying to transactions with the decedent when appellants were the sole heir and executrix of the estate.

The trial court overruled the first objection and permitted appellees to amend their pleading to conform to the evidence. After it was established that the checks and the corresponding stubs were kept by appellees' employees in the regular course of business as their only record of the account, the court overruled the second objection and admitted the checks and summary into evidence.

A witness for appellees testified that he had calculated the interest on a declining balance from each payment, including some made before the date of the sales agreement, and that the balance due on August 1, 1975, was $12,074.70; that the balance would be $15,212.21 if the payments made to decedent prior to the contract were excluded.

The district court entered judgment on September 29, 1975, in favor of appellants for $10,212.21 since the last of installments of $5,000.00 would not be due until February 5, 1976. The judgment also gave Whitaker $4,000.00 for legal services rendered Mrs. Morad in other matters, one of which will be briefly discussed herein.

Appellants present three issues on appeal: (1) whether evidence of payment can be asserted and allowed when it was not pleaded; (2) whether appellees' testimony of transactions with the decedent is admissible when the appellants were the executrix and heir of that decedent; and, (3) whether the evidence supported the judgment for appellee's fees as Mrs. Morad's attorney.

In the light of the facts of this case the court will answer the three issues in the affirmative.

### I.

W.R.C.P. 8(c) provides in pertinent part:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * payment * * * and any other matter constituting an avoidance or affirmative defense. * * * *"

Appellants contend that a failure to plead payment as an affirmative defense constitutes a waiver and that evidence thereof may not be received. They cite *Pangarova v. Nichols*, 419 P.2d 688 (Wyo.1966) and *Texas Gulf Sulphur v. Robles*, 511 P.2d 963 (Wyo.1973) to support the statement. We find no fault with the application of the rule in those cases. However, the facts in the case at bar make those cases easily distinguishable. In neither cited case was there: (a) an offer of proof; (b) a timely motion to amend the pleading to conform to the evidence; (c) any showing of prejudice or surprise or the lack thereof; (d) interrogatories submitted by the objector in which the answers disclosed payments; and (e) in the *Texas Gulf* case, the issue of failure to plead affirmative matter was not raised until a motion for a new trial was proposed after judgment.

Appellees correctly argue that W.R.C.P. 15(b) gives the court discretion to allow pleadings to be amended under certain conditions, and no abuse of that discretion has been sufficiently shown. Section 15(b) of the rules reads in part:

" * * * Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. * * * "

Wright & Miller, Federal Practice and Procedure: Civil Section 1495, pages 478 and 480 says this with respect to Rule 15(b):

"To justify the exclusion of the evidence, the rule contemplates that the objecting party must be put to some serious disadvantage; it is not enough that he advances an imagined grievance or seeks to protect some tactical advantage. * * * Thus, Rule 15(b) requires that the party opposing the amendment be seriously prejudiced in the presentation of his action or defense on the merits. Absent a showing of this character, the court should grant leave to amend and allow evidence on the newly raised issue to be introduced. * * * "

Appellants here admitted that they were not prejudiced by the offer to prove the payments which had not been affirmatively pleaded. The court finds no serious disadvantage to the appellants by the reception of that evidence.

It must be understood that the ruling in this case does not in every case suggest that a trial court should allow an amendment to pleading to conform to the evidence espe-

cially when such evidence encompasses an affirmative defense. Such defenses, of course, should ordinarily be pleaded at the proper time. The facts, the pleadings, and the evidence in this case, however, clearly show that appellants were not surprised or prejudiced by the payments alleged and listed by appellees. In fact, appellants, before trial, recognized the appellees' claimed credits in discovery processes and in summary judgment proceedings.

We find no abuse of trial court discretion in admitting the evidence of payments or in allowing the Rule 15(b) amendment.

## II.

Appellants contend that their objection to appellee Whitaker's testimony concerning payments was improperly overruled because the so-called dead man's statute precluded a party from so testifying where the adverse party is an executor or heir. (§ 1–140, W.S.1957)

Appellees contend that appellants waived objections available under the dead man's statute when they propounded interrogatories to appellees. Appellees cite *Casserly v. Bench*, 458 S.W.2d 893 (Mo.App. 1970) to support that contention. Appellees, however, overlooked *Slover v. Harris*, 77 Wyo. 295, 314 P.2d 953 (1957) which held that the protected party did not waive objection when such party did not introduce the interrogatories into evidence. In the case at bar the interrogatories were offered by the appellees—not the appellants, the alleged protected party here.

Appellees also contend that the checks and the corresponding stubs were books of account and therefore an exception to the statute and were admissible.

After proper foundation was laid, the trial court admitted the offered checks and stubs into evidence as the primary system of keeping accounts.

We hold that the trial court correctly received the evidence of payments under the sixth exception in the statute as books of account and, therefore, no transgression of § 1–140, W.S.1957 occurred.

### III.

Appellants also claim on appeal that the trial court erred when it allowed appellee Whitaker attorney's fees in the sum of $4,000.00 for representing Mrs. Morad in two lawsuits. In respect of the first fee of $150.00 the testimony was in conflict, but the finding was not clearly erroneous or against the great weight of evidence, hence will not be disturbed on appeal. *Rossin v. Ward*, 363 P.2d 919 (Wyo.1961).

The other fee of $3,850.00 asserted in appellee Whitaker's counterclaim against Mrs. Morad, was allowed by the trial court. On appeal appellants do not challenge the reasonableness of the fee, but contend that the attorney "ruined" a chance that Mrs. Morad had to recover in the cause of action and hence should not be allowed any fee.

The case in which the trial court allowed the fee which appellants object to, was appealed to this court but the decision had not been handed down at the time appellants raised the issue. It was *Morad v. Brown*, 549 P.2d 312 (Wyo.1976), reh. den.

Part of our holding in that case was to "remand the case to the district court for further proceedings consistent with this opinion, including the taking of further evidence with respect to the occupying claimant's act in the event that appellee Morad files amended pleading." 549 P.2d at 317.

It was the failure to utilize the occupying claimant's act (§ 1–963, et seq., W.S.1957) as a counterclaim in the declaratory judgment and quiet title action which appellants herein assert was negligent. This court in the quoted portion of the decision above, clearly negates appellants' contention.

We find no error in allowing appellee the fee approved by the trial court.

The trial court's judgment is affirmed.