No. 7933.

## MERRITT v. PEARSON.

MECHANIC'S LIEN.—*Evidence.*—*Proof of Title.*—*Present Tense.*—On trial of an action to enforce a mechanic's lien, testimony of the defendant: "I am the owner of the east half of the southeast quarter," etc. "The barn is located on the northwest corner of this tract," in connection with evidence of his possession, his contract for having the barn built, his superintendence of the work and his boarding the laborers, was *prima facie* proof of his ownership, although given in the present tense.

SAME.—In such case, proof of title by deed or devise is not necessary.

SAME.—*Interest as Part of Damages.*—Interest, being an incident of the principal sum found due and withheld by unreasonable delay of payment, is properly allowed and is secured by the lien.

SAME.—*Practice.*—*Amendment of Prayer of Complaint.*—*Supreme Court.*— In such case, the prayer of the complaint may be amended after verdict, so as to embrace a claim for interest, and will be considered by the Supreme Court as if so amended.

SAME.—*Value of Labor.*—*Contract Price.*—In such case, evidence of an agreed price for plaintiff's labor is admissible in proof of its value. *Merritt v. Pearson*, 58 Ind. 385, explained.

SAME.—*Practice.*—*Venire de Novo.*—*Defective Verdict.*—If a verdict be defective, a *venire de novo* is the proper remedy.

SAME.—*Form or Substance of Judgment.*—*Objections.*—The form or substance of a judgment is not a cause for a new trial, but must be made the subject of a special objection, or motion to modify, exception and assignment of error.

From the Clinton Circuit Court.

*J. N. Sims* and *S. Vanton*, for appellant.
*L. McClurg* and *J. V. Kent*, for appellee.

WOODS, J.—This is the second appeal in this case. See *Merritt* v. *Pearson*, 58 Ind. 385. The issues have not been changed, and need not be re-stated. The action was to enforce a mechanic's lien. The questions now presented for decision are predicated on the overruling of the appellant's motion for a new trial. There is an effort, however, to present questions which can not properly be made the subject of this motion.

It is claimed that the verdict is silent in reference to the right of the appellee to enforce his alleged lien; that it is

simply a money verdict, for a sum which the jury found to be due from the appellant to the appellee; is *dehors* the issues, and without pleadings or evidence to support it. If the verdict were in truth subject to these criticisms, the appellant should have moved for a *venire de novo;* or, at least, should have objected on account thereof to the rendition of the judgment.

The verdict, however, is not defective. It is a general and formal finding for the plaintiff, and assessment of his damages at a specified sum, and, under the pleadings, warranted a decree against the appellant for the foreclosure of the alleged lien for the sum named against the property subject to the lien. But, as already indicated, and as has been often decided, the form or substance of a judgment is not cause for a new trial. They must be made the subject of a special objection, or of a motion to modify; and the ruling of the court thereon, having been duly excepted to, must be assigned as error. *Kissell* v. *Anderson*, 73 Ind. 485 ; *Clark* v. *Stephenson*, 73 Ind. 489.

It is next insisted that the appellee failed to make sufficient and proper proof of appellant's ownership of the land on which the barn was built, and the lien claimed. On this point the appellant himself testified as follows : "I am the owner of the east half of the southeast quarter," etc. "The barn is located on the northwest corner of this tract. "

But, say counsel, "This testimony is in the present tense ; it has no relation to any point of time previous to the trial." There was other testimony, connecting it with the time of building the barn. The appellant was shown to have been in possession, and to have contracted for, and to have superintended, the erection of the structure which was built near his dwelling-house, and to have boarded the laborers while engaged in the work. It was not necessary that the proof should show a title by deed or devise. The evidence above stated was at least *prima facie* proof of ownership.

It is claimed that the damages are excessive, and that the court erred in instructing the jury that they might allow interest; because the complaint claims none, and the law, in cases of mechanic's lien, allows none. It is true that the statute provides for a lien "to the extent of the value of any labor done or materials furnished, or for both;" but we perceive no reason for holding that the statute concerning interest, passed since the enactment of the law authorizing mechanics' liens, does not apply, wherein it is provided that, "on money loaned or due and withheld by unreasonable delay of payment, interest shall be allowed at the rate of six dollars," etc. The interest, in a proper case for its allowance, is an incident of the debt, a part thereof, and the lien given to secure the debt should be deemed to secure the accruing interest.

The prayer of the complaint was amendable on motion, so as to embrace a claim for interest, and, under the familiar rule in that respect, we will consider the amendment as having been made.

It is claimed that the court erred in permitting the plaintiff to give evidence of the contract between him and Anawalt as to the price of his labor; and it is insisted that, in the former decision of this case, it was settled that the contract price agreed on between the appellee and his principal was not admissible against the appellant, and that proof of the value only of the appellee's labor was competent. We do not so understand the decision. It was held in that opinion that the court had erred in excluding evidence offered by the appellant to show that the plaintiff did not labor diligently, and did not do as much work per day as competent hands were accustomed to do, and, consequently, that his work was not worth the price claimed; but it was not held or intimated, and we perceive no reason why it should be held, that the plaintiff could not offer proof of an agreed price which he was to have for his labor. On the second trial, the appellant was permitted to introduce the testimony which before had

been excluded; but, nevertheless, the verdict of the jury was adverse to him, and we can not disturb it. There is sufficient evidence to support it.

We find no error in the record. The judgment is therefore affirmed, with costs.