Filed April 30, 1890.

———————————

No. 14,242.

## MORRIS ET AL. *v.* THE LOUISVILLE, NEW ALBANY AND CORYDON RAILWAY COMPANY.

RAILROAD.—*Sub-Contracter.*—*Lien of.*—*When not Enforceable.*—The act of March 6th, 1883, as amended by the act of April 13th, 1885, gives to persons who furnish material for, or do work in the construction of a railroad, a lien for the reasonable value of such work and materials. A sub-contractor who has been paid by the original contractor more than the reasonable value of the work done, materials furnished and services rendered, although not the full contract price, can not enforce a lien against the railroad company for the difference between the amount the original contractor agreed to pay and the amount he actually did pay.

From the Harrison Circuit Court.

*T. W. Bullitt, W. O. Harris, W. C. Cook* and *W. Ridley,* for appellants.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

ELLIOTT, J.—The appellee entered into a contract with the Kentucky Contract Company to construct its railroad, and the appellants became sub-contractors. The principal contractor agreed to pay the sub-contractors forty-three thousand dollars as compensation for work done, services rendered and material furnished for the construction of the road. The appellants did work and furnished materials and rendered services of the reasonable value of thirty-two thousand nine hundred and ninety-seven dollars. They received from the principal contractors thirty-five thousand dollars. The trial court held that the appellants were not entitled to enforce a lien against the appellee's railroad, for the reason that they were paid by the original contractor more than the reasonable value of the work done, materials furnished and services rendered.

The contention of the appellants' counsel is that their clients are entitled to a lien for the price of work, material and services as fixed by the contract with the Kentucky Contract Company, while the contention of the appellee is that the appellants are not entitled to a lien, for the reason that they have been paid more than the reasonable value of their work, materials and services.

The lien which the appellants seek to enforce is one of purely statutory creation, and they can have no other rights than those which the statute confers. The courts must construe and enforce the statute as a remedial one, but they can not extend it to meet cases not within its scope, however meritorious they may be. *Copeland* v. *Kehoe,* 67 Ala. 594 ; *Rogers* v. *Currier,* 13 Gray, 129 ; *State, ex rel.,* v. *Ætna Life Ins. Co.,* 117 Ind. 251. We must, therefore, look entirely to the provisions of the statute to determine the extent and character of the lien which it gives sub-contractors who do work and furnish materials in the construction of railroads.

The act of March 6th, 1883, gives a lien in general terms to sub-contractors, and it was amended in 1885 so as to give a lien to sub-contractors " to the extent of the value of the

work or labor performed or material furnished, or both." Elliott's Supp., sections 1699, 1704. We think these acts must be so construed as to give persons who furnish materials for, or do work in, the construction of a railroad, a lien for the reasonable value of such work and materials. We can not assent to the assertion of the appellants that the contract between the principal contractor and the sub-contractors furnishes the standard for measuring the extent of the lien. We do not believe that a railroad company can be made liable for more than the value of the work and materials, no matter what may be the price fixed by the contract between the principal contractor and sub-contractors. The theory upon which the statute proceeds is that the railroad shall be liable for the value of the materials furnished and work done, and it was not contemplated that sub-contractors should hold the railroad property for profits they might realize under their contract. All that the statute contemplates is that they shall not lose the value of their work and material. It is, indeed, doubtful whether it would be within the power of the Legislature to create a lien beyond the value of the work and materials, and thus make secure the profit of the sub-contractor ; but, however this may be, we think it clear that it was not the intention of the Legislature to authorize sub-contractors to hold the property of a railroad company bound for the profits which they might realize under their contract with the principal contractor.

As the appellants had been paid an amount in excess of the reasonable value of their work, services and materials, there was no sum remaining which entitled them to enforce a lien against the property of the railroad company.

Judgment affirmed.

Filed May 1, 1890.