Davis, J.
This suit was brought by appellant to foreclose a laborers’ lien against the appellees, for work performed by appellant in the grading and building of a roadbed and embankment for the Elgin, Joliet and Eastern Railway Company. A demurrer was filed to the complaint and sustained, and judgment was rendered against appellant for costs, from which he prosecutes this appeal. The sole question for decision relates to the sufficiency of the complaint against demurrer. The action was originally brought in Porter county and carried to Lake county on change of venue.
It is averred in the complaint, in substance, that the Elgin, Joliet and Eastern Railway Company was a railroad corporation owning a line of railroad extending from the city of Joliet, in the State of Illinois, to the *633 village of Porter station, in Porter county, Indiana, and that said railroad was not completed and in operation in said Porter county, between McOool station and said village of Porter, a distance of about seven miles; that the railroad company owned the right of way and had constructed a roadbed and embankment over said distance and between said stations; that said railroad company contracted with appellees Reynolds, Engle and Plannan for the construction of said railroad between said stations of McCool and Porter, in Porter county, and said contractors sublet the work to the appellee Dean, who undertook its execution; that appellant performed work and labor in grading, excavating, and constructing the roadbed and embankment of said railroad between said stations at the special instance and under the employment of said Dean as subcontractor,of the value and to the amount of $1,117.90 during the months of November and December, 1892, and January, 1893; that said sum was due appellant and wholly unpaid, and on the 24th of January, 1893, within a period of sixty days after the performance of said work, the appellant filed and caused to be recorded in the proper record in the recorder’s office of Porter county, notice of his intention to hold a lien upon said railroad and the rights, privileges and franchises thereunto belonging, for the amount due for labor upon said roadbed. A bill of particulars was filed with and made part of the complaint, as was also a copy of the notice. Judgment was asked against Dean personally and for the foreclosure of the lien against the other appellees.
The bill of particulars filed with the complaint shows the number of days of man and team-work performed by appellant for Dean on the railroad in question during the months of November and December, 1892, and *634 January, 1893, giving the name of each laborer and the amount due on account of each workman.
The lien is claimed under section 6, of the act approved March 9, 1889, which provides that any person performing labor in the construction of a railroad may have a lien upon the right of way and franchises of such railroad corporation within the limits of the county in which such work or labor may be performed, to the extent of the work or labor performed by him, upon the filing of the notice of his intention, as required by law. Acts 1889, page 257, sections 7265, 7266, R. S. 1894, sections 1699, 1700, Elliott’s Supplement.
Counsel for appellee make three points against the complaint:
1. They insist that it does not show that the work performed by appellant was done in Porter county.
In this view counsel, in our opinion, are mistaken. A fair construction of the averments in the complaint, when considered together as an entirety, sufficiently show that McCool station and the village of Porter are in Porter county; that the distance between the two places is seven miles, and that the labor performed by appellant was done in Porter county, on the line of the railroad between these stations.
2. It is next insisted that the bill of particulars filed with the complaint discloses that appellant was not a laborer; that he did not do the work charged in the complaint, but that he was a contractor.
Conceding, without deciding, that this is true, the objection was not reached by the demurrer. Brown v. College Corner and Richmond Gravel Road Co., 56 Ind. 110 (116).
The complaint contains the averment that appellant performed work and labor in grading, excavating, and constructing the roadbed and embankment of said railroad between said stations, of the value and to the amount *635 of $1,117.90, and this averment is the controlling one. In actions upon written contracts, where the contract of a copy thereof is filed with and made part of the pleading, as an exhibit, the contents of the contract control rather than any averments of the complaint which are in conflict with the same, but this rule has no application to a bill of particulars. Furry v. O’Connor, 1 Ind. App. 573 (575).
Filed Jan. 10, 1895.
3. The remaining contention is that the facts alleged ■do not show the terms of the contract entered into between the railroad company and the contractors, and, therefore, that it furnishes no criterion by which to measure the value of appellant’s work and labor to the railroad company. This was not necessary. Morris v. Louisville, etc., R. W. Co., 123 Ind. 489.
It is specifically alleged “that plaintiff performed work and labor in grading, excavating, and constructing the embankment for said railroad between said stations at the special instance and employment of said Frank Dean as such subcontractor, of the value and to the amount of eleven hundred and seventeen dollars and ninety cents,” etc.
In the case last above cited Judge Elliott says: “We think these acts must be so construed as to give persons who furnish materials for, or do work in, the construction of a railroad, a lien for the reasonable value of such work and materials. We can not assent to the assertion of the appellants that the contract between the principal contractor and the subcontractors furnishes the standard for measuring the extent of the lien.”
Our conclusion is that the court erred in sustaining the demurrer to the complaint.
Judgment reversed.