ROBERTSON MUSIC HOUSE, INCORPORATED, *v.* WILLIAM H. ARMSTRONG COMPANY.

[No. 13,186. Filed December 5, 1928. Rehearing denied February 13, 1929. Transfer denied December 5, 1929.]

*Bingham & Bingham,* for appellant.
*Claycombe & Stump,* for appellee.

ENLOE, C. J.—This action was brought by the appellee against the appellant to recover damages alleged to have been sustained by appellee to its stock of merchandise as the result of the negligence of the appellant in the matter of making repairs to the roof of the building occupied by the appellee with its said stock of goods.

A demurrer to the complaint was overruled, and, after issues were joined, the cause was submitted to a jury, which returned a verdict in favor of appellee. Appellant's motion for a new trial was overruled, judgment awarded upon the verdict, and this appeal followed. The alleged errors presented which are material to the decision of this case are those hereinafter considered.

The appellant first insists that there was error in overruling its demurrer to the complaint, and we will first consider this contention.

It appears by the averments of the complaint that both parties hereto are corporations, duly organized under the laws of the State of Indiana; that on May 21, 1923, the appellant leased to the appellee, for the term of five years, commencing May 21, 1923, the first floor front room of the building known as No. 233 North Pennsylvania street, in the city of Indianapolis, and that appellee at once entered into possession of said premises and occupied the same as a store room for the display and sale of its merchandise; that, some time after appellee took possession of said building, it discovered that the roof thereof was not in good condition and that it leaked so that water came into its store room; that there was no agreement contained in said lease binding

the appellant to make repairs to said building, and that it was under no contractual obligation so to do; that, after the condition of said roof was discovered, and that it was leaky, the appellee informed appellant of that fact, and appellant thereupon "promised and agreed to see that the roof should be promptly put in good condition so that it would not leak"; that the appellant thereafter undertook to and did make some repairs on the roof, but that the work of making such repairs was done in a careless and negligent manner, and that, by reason of said carelessness and negligence in making the repairs so undertaken to be made by appellant, the said roof was left in a condition that it would not withstand, without leaking, an ordinary rain.

It is also averred in said complaint that on August 3, 1925, there was a rain storm in the city of Indianapolis, and that, during said storm, the said roof so leaked and the water therefrom so came into appellee's said place of business that no business could be, for the time, transacted; that the said roof leaked so freely that it was impossible for appellee to move its goods, then and there in said room, out of the water and protect such goods against damage; that, as a result of such negligence on the part of appellant, appellee then and there sustained damage to its goods by reason of the water leaking through said roof, and it asked for judgment in the sum of $2,000.

It may be conceded that, under the lease by which the appellee held possession of said premises, there was no duty resting upon appellant to make repairs to said roof, but, when appellant, having knowledge of the condition of said roof, promised the appellee to see that the said roof should be promptly put in good condition so that it would not leak, and then, in fulfillment of its said promise, entered upon the work of making said repairs, in the making of said repairs, it

owed to the appellee a duty to use reasonable care in the making of said repairs, and to see that said repairs were not negligently made. As said in the case of *Horton* v. *Early* (1913), 39 Okla. 99, 134 Pac. 436, 47 L. R. A. (N. S.) 314, Ann. Cas. 1915D 825: "Notwithstanding that plaintiff was not legally bound to repair the roof, yet, having undertaken so to do, he is liable for the damage sustained on account of a failure to make said repairs in a proper and skillful manner. The principle that governs in such cases being that, although the landlord is not bound to repair in the absence of an express convenant to repair, where no controlling statute interferes, and though his promise to repair, made subsequent to the execution of the lease, is without consideration, and hence unenforceable, yet, if he shall voluntarily and gratuitously undertake, during the term, to repair the demised premises, he is bound in so doing to use ordinary care and diligence. He may be held responsible for his negligence or lack of care and skill, or the negligence of his servants, or those employed by him in doing what, in the first instance, he was not bound to do. . . . But if the landlord voluntarily repairs and actually enters upon the carrying out of his scheme of repair, he will be responsible for the want of due care in the execution of the work, upon the principle of liability for negligence, without reference to any question of implied contract to repair, or implied consideration." (See case for authorities cited as sustaining proposition announced.) In *Hamilton, Exr.*, v. *Feary* (1893), 8 Ind. App. 615, 35 N. E. 48, 52 Am. St. 485, this court, speaking by Reinhard, J., said: "Still another instance of liability on the part of the *owner* is where he, though not bound to do so, undertakes to make repairs, and makes them in so negligent or unskillful a manner as to produce injury to the tenant." (Our italics.) We hold that the said complaint was good

as against the demurrer, and that there was no error in overruling the demurrer to the same.

Appellant made a motion to strike out certain designated parts of the complaint, and this motion was overruled. Appellant now concedes that there was no reversible error in this ruling, and we shall not further notice the same.

After the jury had returned its verdict, the appellant moved the court for judgment in its favor upon the following grounds, viz.: (a) "that the complaint does not state a cause of action against the defendant," and (b) "that the answers to the interrogatories, and each of them, given by the jury are in irreconcilable conflict with the general verdict for the plaintiff."

What we have heretofore said disposes of the first ground named in said motion, and it need not be further considered. As to the second ground, when we consider the complaint and answers thereto, the answers to interrogatories, and the verdict rendered—the same being all that we may rightfully consider in passing upon a motion for judgment *non obstante,* we conclude that there is no such conflict between said answers and said verdict as that the said verdict must be set aside.

Appellant also moved in arrest of judgment, and his motion was denied. The appellant insists that said complaint was fatally defective in that it did not allege facts showing that appellee was free from negligence contributing to his damage. We think otherwise. The appellant undertook to make these repairs, and appellee, in the absence of knowledge to the contrary, was justified in believing or supposing that appellant had done its duty in the matter—made the repairs in a reasonably careful and prudent manner —and the complaint avers that thereafter, when the

rain came, the said roof leaked so badly that there was no place to which appellee could move its goods to protect them from the water coming through said roof because of the leaky condition thereof, and that appellee could not protect said goods against damage. These allegations, taken with other allegations of the complaint, sufficiently negative contributory negligence, and we hold that appellant's contention in this matter is not well taken.

It is next urged that the court erred in overruling appellant's motion for a new trial. Under this specification, appellant presents as an alleged error the action of the court in giving, severally, instructions Nos. 10, 12 14, 15, 16 and 17, of the instructions given by the court of its own motion. We have carefully examined each of said instructions of which complaint is made, and find no erroneous statement of the law contained therein. The instructions given fairly informed the jury as to the law of the case.

It is finally insisted that the verdict is not sustained by sufficient evidence, and, that it is contrary to law. The evidence discloses that appellee moved into and took possession of the premises involved herein May 21, 1923; that its lease on said premises was for a period of five years from said date; that on July 20, 1925, the appellee, by letter, complained to appellant of the condition of the roof on the part of the building occupied by it, and that, on July 21, 1925, the appellant, by Mr. Lane Robertson, one of its officers, asknowledged receipt of said letter of July 20, 1925, and, in said letter of acknowledgment, said to appellee, "Mr. Bartenback is returning to Indianapolis Thursday morning and will immediately repair the roof"; that a day or so thereafter, the said Bartenback, assisted by others, attempted to repair said roof; that patches were put thereon, the said roof being what is known as a "felt roof"; that the entire roof was then painted with "asphalt material," ap-

plied with a brush; that on August 3, 1925, a heavy rain and hailstorm occurred in Indianapolis and that the said roof leaked so as to cause the damage complained of.

In the case of *Shute* v. *Bills* (1905), 191 Mass. 433, 78 N. E. 96, 7 L. R. A. (N. S.) 965, 114 Am. St. 631, the court said: "The only evidence that these repairs, if made by defendant's agent, were made negligently was some testimony introduced by the plaintiff that, after they had been completed, the leak continued in the same manner and to the same extent as before. Doubtless the jury might have inferred from the testimony that no repairs were in fact made upon the gutter, but this was not the only possible inference. We are of the opinion that, if the jury found that repairs were made, they then might find that the work done was ineffectual to stop the leak at all, and, in view of the apparently simple character of what was needed to be done, might have inferred from this that the work was negligently done; that the carpenter who had been sent to make the repairs upon the roof and gutter did his work so negligently as not to stop the leak but to leave it as bad as before. They might have inferred from the fact that the leak was as bad as before that the work was improperly done." So, in this case, there is evidence from which the jury might well infer that the agent of appellant who made the repairs to the roof of the building occupied by appellee was negligent in the doing of said work. We conclude, therefore, that the appellant's contention in this behalf is not well taken.

We find no error, and the judgment is affirmed.