## MARTIN COAL & COKE CO. et al. v. BREWER, Rec., et al.

No. 28383. March 7, 1939.

Rehearing Denied May 23, 1939.

E. F. Maley, for plaintiffs in error.

Babb & Babb, for defendants in error.

OSBORN, J. This is an appeal by the Martin Coal & Coke Company and R. D. Martin, interveners in an action pending in the district court of Le Flore county wherein the Binkley Coal Company, a corporation, was plaintiff and the Choctaw Coal & Mining Company and other parties were defendants. By petition in intervention the interveners claimed certain property in the possession of O. J. M. Brewer, receiver of the defendant corporation. The relief sought by the interveners was denied and an appeal was perfected to this court. The parties will be referred to as they appeared in the trial court.

The plaintiff sued the defendant in the trial court on certain promissory notes and procured the appointment of a receiver. The interveners claimed to be the owners of certain property in the possession of the receiver described as follows:

"One Hammer Crusher;
"One Power Drill press and drills.
"One Lot Pipe Dies, 3/8 to 4"."

At a hearing the evidence of the interveners was to the effect that during the years 1932 and 1935, the above-described property was loaned to defendant corporation by the interveners; that the interveners were not in any manner interested in the operation of the defendant company and that the loan of said property was without consideration and as a mere matter of accommodation. This evidence was not disputed or controverted. The trial court denied the relief sought by the interveners on the theory that the right to possession of said property by the receiver was superior to the rights of the interveners, since certain liens had attached to said property in favor of the laborers who worked and performed labor for the defendant company. The applicable statute is section 11247, O. S. 1931 (42 Okla. St. Ann. sec. 148), which is as follows:

"All miners and other employees engaged in the work of developing and opening up coal and other mines, sinking of shafts, or

construction of slopes or drifts, the driving of entries, mining in coal and other mines, and every mechanic, builder, artisan, workman, laborer or other person who performs any work or labor in and about such mines, shall have as security for such work and labor performed, a lien therefor upon the buildings, machinery, equipment, inside or outside, income, franchises, leases or subleases and all other appurtenances and **all property of the person, owner, agent, firm or corporation owning, constructing or operating such mine or mines,** used in the construction or operating thereof, superior and paramount whether prior in time or not, to that of all persons interested in such mines as managers, lessees, sublessees, operators, mortgagees, trustees and beneficiaries under trust, or owners."

In the case of American Tank & Equipment Co. v. T. E. Wiggins, Inc., 170 Okla. 504, 42 P.2d 115, the court was dealing with a claim of lien arising under the provisions of section 11012, O. S. 1931 (42 Okla. St. Ann. sec. 161), referring to labor liens against railroads, which in some respects is similar to the statute involved herein. Therein it was said:

"Mechanics' liens are in derogation of the common law and exist solely by positive legislative enactment, and the courts should construe and enforce such statutes as remedial acts, but such statutes cannot be extended to meet cases not within their scope. Jones on Liens (2d Ed.) sec. 1554; Cincinnati, R. & M. R. R. v. Shera, 36 Ind. App. 315, 73 N. E. 293; Morris v. Louisville, etc., Ry. Co., 123 Ind. 489, 24 N. E. 335. The statute in question, being a remedial one, would be entitled to liberal construction, but the rule in such cases seems to be that liberality should be given to the enforcement of the lien, after the lien has clearly attached and not in determining the question as to whether or not a lien exists. See Caulfield v. Polk. 17 Ind. App. 429, 46 N. E. 932; Jones on Liens (2d Ed.) sec. 1554, supra; Phillips on Mechanics' Liens (3d Ed.) sec. 18."

In the case of Bridgeport Machine Co. v. McKnab (Kan.) 18 P.2d 186, it was said:

"'A mechanic's lien is purely a creation of statute, and those claiming such a lien must bring themselves clearly within the provisions of the statute, authorizing it.' Potter v. Conley, 83 Kan. 676, 112 P. 608.

"In this state the strict construction of all lien statutes has been the general rule as applied to the matter of determining to whom and for what a lien statute gives a lien. After interpreting it to entitle a party to a lien for a particular article or thing, then a liberal interpretation has generally been given as to its enforcement, as is shown by the following quotation:

"'As mechanics' liens are purely statutory, their operation and extent must be found within the terms of the statute creating and defining them. As the statutes confer special privileges upon one class of persons over others, it must clearly appear that those claiming the benefits of the statute are within its provisions. The law is entitled to a liberal interpretation in its application to all persons or classes who are within the protection of the statute, but this rule cannot be invoked to confer the special privileges and preferences of the law upon those not definitely included by the statute.' Nixon v. Cydon Lodge, 56 Kan. 298, 304, 43 P. 236, 238."

It will be observed that the statute involved herein provides for a lien only against the property of the person, firm, or corporation owning, constructing, or operating the mine. We are precluded from construing the statute to extend to the property of other persons.

It is sought to sustain the judgment of the trial court on the ground that the interveners, having vested the defendant company with possession of the property, which is an indicia of ownership, were thereby estopped from claiming ownership. In the case of Shannon v. Nicoma Park Development Co., 176 Okla. 53, 54 P.2d 143; it was held:

"Mere possession and control of personal property is not sufficient to estop the real owner from asserting his title against a person who has dealt with the one in possession on the faith of his apparent ownership."

See, also, Yonkman v. Harvey, 133 Okla. 252, 271 P. 839; 10 R. C. L. 777.

Interveners rely upon the case of Rogers v. Reynolds, 95 Wash. 470, 164 P. 80, wherein it was held that a copartnership which had loaned certain mining equipment to a mining company for use in operating the mine was estopped to claim ownership thereof against the claims of laborers who had acquired liens thereon. It is shown in that case, however, that the partnership was the principal owner of the stock in the mine, and that said copartnership had given permission that said property be mortgaged by the mine to secure its debt. It was held that under these facts the equities in the case demanded the application of the equitable doctrine of estoppel against those claiming to own the property.

In the instant case, as heretofore pointed out, the undisputed testimony is that the interveners were not in any wise interested in the operation of the defendant company, nor does the record reveal any acts or

conduct on their part upon which an estoppel could be based. The evidence merely showed that the defendant company was vested with possession and control of their property, which is not sufficient to estop them from asserting their title against those who have dealt with the defendant company on the faith of their apparent ownership of the property. Shannon v. Nicoma Park Development Co., supra.

Accordingly, the judgment of the trial court is reversed and the cause remanded, with directions to enter judgment in favor of interveners.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON, HURST, and DANNER, JJ., concur. RILEY, CORN, and DAVISON, JJ., absent.