DAVID HUNTER *v.* HIRAM COOK.

[No. 171A2. Filed November 3, 1971.]

*Donald R. Ewers, Bates and Ewers,* of Evansville, for appellant.

*Fine, Hatfield, Sparrenberger & Fine,* of Evansville, for appellee.

LOWDERMILK, J.—This cause comes before this court from a summary judgment which was rendered against the plaintiff-appellant on September 3, 1970. The facts of the case are relatively simple, and are as follows.

Plaintiff-appellant had rented a house from the defendant-appellee at 1912 West Illinois Street in Evansville, Indiana. The appellant had rented said premises for a period of about three months, when, on July 24th, 1968, the appellant was in the process of taking a bath on the rented premises and the injury complained of occurred.

The appellant's infant son was in the bath tub with appellant when the boy slipped and fell. The appellant tried to catch his son and in doing so the appellant struck his hand on the porcelain faucet handle of the bath tub, which handle

shattered and severely cut the right hand of the plaintiff-appellant. The appellant alleges that the injury resulted in medical expense, loss of earnings and permanent impairment as a result of the negligence of the appellee-landlord in not repairing the allegedly defective faucet handle.

Plaintiff-appellant filed his complaint against his landlord on December 9, 1968, which was amended on November 24, 1969. After interrogatories and answers were filed the defendant-appellee moved for a summary judgment and the court ordered the depositions of the two parties to be published. The plaintiff-appellant timely answered this motion by asking that the court set aside the motion for summary judgment. The written interrogatories submitted with the pleadings were made a part of the record. The trial court then sustained the summary judgment and entered judgment for the appellee-landlord.

The plaintiff-appellant timely filed his motion to correct errors, pursuant to Trial Rule 59, which motion states that:

1.) The judgment of the trial court is contrary to law;

2.) The judgment is not supported by sufficient evidence upon all necessary elements;

3.) The judgment is contrary to the evidence.

Plaintiff-appellant, renter, presented no affidavit in opposition to the motion for summary judgment. However, the court must consider all evidence, pleadings, et cetera, submitted by the plaintiff-appellant in considering whether there was a genuine issue for trial, pursuant to the requirements of Rule TR 56 of the Indiana Rules of Procedure, which states, in part:

"(C) * * * Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence.
* * *

"(E) * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him * * *"

See, also, *Markwell* v. *General Tire and Rubber Co.* (1968), 142 Ind. App. 188, 233 N. E. 2d 676; *Markwell* v. *General Tire and Rubber Co.* (1966) 7th Cir., 367 F. 2d 748.

Furthermore, it was said in *Klinger* v. *Caylor* (1971), 148 Ind. App. 508, 267 N. E. 2d 848:

"The Supreme Court and this court have said many times before that the purpose of a summary judgment is to allow the trial court to determine, without litigation, the existence of genuine material issues of fact and a finding in favor of a moving party is a finding that he is entitled to judgment as a matter of law. However, it is the burden of the party moving for a summary judgment to show the lack of a genuine issue of fact. It has been held that if there is *any* doubt as to the existence of a factual issue, then the motion must be resolved in favor of the non-mover. *Wozniczka* v. *McKean* (1969), Ind. App., 247 N. E. 2d 215; *Newcomb* v. *Cassidy* (1969), Ind. App., 245 N. E. 2d 846."

In the case of *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448, this court further set out what is required of each party when a summary judgment has been filed:

" 'Since the moving party must show that he is entitled to prevail as a matter of law while the opposing party need show only that a genuine controversy as to the facts exists, the provisions of Rule 56(e) are enforced more strictly against the movant than the opposing party.' [Rule 56(e) is identical to Section 2-2524(e), Burns' Indiana Statutes Annotated (1968 Replacement)]"

It is settled and well established law in this state that a tenant cannot recover for personal injuries from an injury

or injuries or for damage to property caused by defective condition of the leased premises unless the landlord either agrees to repair, or in doing so is negligent. *Guenther* v. *Jackson* (1922), 79 Ind. App. 127, 137 N. E. 582; *Stover* v. *Fechtman* (1966), 140 Ind. App. 62, 222 N. E. 2d 281. This proposition of law was clearly set forth in *Robertson Music House* v. *Wm. H. Armstrong Co.* (1928), 90 Ind. App. 413, 415, 163 N. E. 839, when this court said:

> "It may be conceded that, under the lease by which the appellee held possession of said premises, there was no duty resting upon appellant to make repairs to said roof, but, when appellant, having knowledge of the condition of said roof, promised the appellee to see that the said roof should be promptly put in good condition so that it would not leak, and then, in fulfillment of its said promise, entered upon the work of making said repairs, in the making of said repairs, it owed to the appellee a duty to use reasonable care in the making of said repairs, and to see that said repairs were not negligently made. * * *"

This court must now look to the facts and testimony as it appears in the amended complaint, answer thereto, and the depositions of the plaintiff and of the defendant, and the interrogatories submitted to the plaintiff and the answers thereto to determine whether there was a genuine issue of a material fact that should have gone to trial. The record reveals that the appellant had entered into an oral agreement with the landlord-appellee concerning the terms and conditions for renting said premises, with the only thing being discussed between them being the amount of monthly rental. It also appears that there was no mention or discussion in regard to maintaining the premises or the repairs thereto. However, the appellant did talk to Mr. Cook concerning the defect, but the record reveals that Mr. Cook either did not say anything at all or simply refused and declined to fix the defective faucets.

"Q. Now, when you asked Mr. Cook to replace this faucet, what did he tell you?

"A. Well, the first time I asked him to replace the faucet, he didn't say nothing. He just ignored it.

"Q. Well, the second time you asked him.

"A. The second time I asked him it would either cost him too much money or some of this here—always worrying about money.

"Q. And your testimony is that he told you he wasn't going to do it because it would cost him too much money.

"A. That's what I'm saying and I asked him more than five or six times."

(As set out by the deposition of plaintiff-appellant Hunter)

There is no evidence presented to this court that the appellee repaired said faucets before the renter received his injury and in making said repairs was negligent, and the fact the appellee repaired said faucets *after* the injury does not indicate that there was a covenant to repair. As was said in *Stover* v. *Fechtman, supra,*

"The appellant contends that the evidence which showed that the appellee subsequently had the steps repaired should be considered as demonstrating that the landlord appellee covenanted to repair. We are of the opinion that this evidence is not sufficient to prove an express covenant to repair. * * *"

The record before us is absent any evidence that establishes any duty of the landlord to the tenant under the general rule or under the two exceptions thereto.

And, further, the landlord never agreed at any time to repair the faucet handle. The defective faucet was not a hidden defect in the leased premises of which the tenant was ignorant, as he asked the landlord to repair the same after he had moved into the premises, without having first discussed repairs with the appellee-landlord.

In our opinion, there was no genuine issue of a material fact presented to the court in this cause and the court was correct in sustaining the motion for summary judgment.

Judgment affirmed.

Sullivan, P. J., Buchanan and Robertson, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 550.