WILLIAM WALKER ET UX. *v.* GERALD W. STATZER

[No. 1271A270. Filed June 23, 1972. Rehearing denied August 15, 1972.
Transfer denied December 18, 1972.]

*John W. Lawson,* of Indianapolis, for appellant.

*Joseph P. Sullivan,* of Indianapolis, for appellee.

SULLIVAN, J.—This appeal involves a judgment foreclosing plaintiff-appellee's (Contractor) mechanic's lien and awarding him the sum of $3,500.00 bearing 8% interest per annum from the date of judgment, together with attorney's fees.

The record discloses that the parties herein entered into an oral agreement on December 15, 1967 pursuant to which the Contractor agreed to repair defendants-appellants' (Owners) home which was damaged by fire. The Contractor submitted a bid of between $8,735.00 and $9,350.00 for the repair work which bid was accepted by the Owners upon the condition that the house was "to be in at least equal if not better condition than before the fire * * * ". Thereafter, work commenced.

With $3,500.00 ostensibly due and owing on November 22, 1968, the Contractor filed "notice of intention to hold a mechanic's lien"—the basis for this action.

For the purpose of discovering whether work and materials had been furnished within sixty days preceding the date of filing of the lien,[1] Owners filed interrogatories to determine

---

1. IC 1971, 32-8-3-3 being Ind. Ann. Stat. § 43-703 (Burns 1971 Supp.) provides in part as follows:

"Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor, or furnishing such materials, or machinery, * * * a sworn statement in duplicate of his intention to hold a lien upon such property for the amount of his claim * * *".

what labor and materials were furnished on September 26, 1968 as alleged by Contractor. Contractor answered the interrogatories indicating the nature of the materials furnished and the work completed as of September 26, 1968. The Owners subsequently moved for summary judgment with supporting affidavits to the effect that work had been completed on March 1, 1968 as opposed to the later September date relied upon by the Contractor. The court overruled the motion and the cause was submitted for trial to the court without jury.

At trial, the Contractor, Statzer, testified that work continued over a period of time and that in June and September of 1968, the Owners gave him two additional lists of work to be completed; that the last work completed on the house was done on September 26, 1968; that the Owners had paid all but $3,500.00; and that a notice of intention to hold a lien was filed on November 22, 1968.

Appellant-Owner, William Walker, testified that he entered into the oral agreement with the Contractor; that he refused to pay until the work was completed; and that he and his wife did prepare lists of additional work to be completed by the Contractor.

Upon the latter premise, the Contractor argues that the owners are estopped from asserting that the mechanic's lien was not timely filed within sixty days of work completed.

After judgment had been entered in favor of plaintiff-Contractor the Owners' motion to correct errors was overruled. The following specifications are assigned as error:

1. The trial court erred in overruling appellants' (Owners') motion for summary judgment.
2. The last work performed was incidental work done to extend the time for asserting a mechanic's lien.
3. The trial court erred in allowing the Contractor to testify as to the value of work done.
4. The awarded damages were excessive.

5. The trial court abused its discretion by failing to find the Contractor's work to be inferior in light of certain pictorial evidence.

6. The trial court erred in admitting into evidence the Contractor's Exhibit A which was the bid estimating repair work submitted to Owners' insurance company.

# FAILURE TO FILE AFFIDAVITS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT DOES NOT OF ITSELF WARRANT GRANTING OF JUDGMENT TO MOVING PARTY

Summary judgment may be entered only where there is no material issue of fact to be litigated, thereby entitling the moving party to judgment as a matter of law. *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448. In the instant cause, appellant-Owners argue that plaintiff-Contractor's failure to oppose the motion for summary judgment by counter-affidavit reflects the absence of any material issue, thus rendering improper the trial court's decision to overrule the motion. There is no merit to this contention. No such explication is made by Rule TR. 56 (C), which as pertinent reads:

"(C) * * * Summary judgment *shall not be granted as of course because the opposing party fails to offer opposing affidavits* or evidence, but the court shall make its determination from the affidavits and testimony offered upon the matters placed in issue by the pleadings or such evidence." (Emphasis supplied.)

*Accord: Hunter* v. *Cook* (1971), 149 Ind. App. 657, 274 N. E. 2d 550.

Prior to the filing of the motion, the plaintiff-Contractor answered interrogatories stating that on September 26, 1968 a ground rod, wire and clamp were installed as a part of the original contract. Subsequently, the motion for summary judgment was filed in which the Owners alleged that no work was done by the Contractor after

March 1, 1968. As we have stated, upon a motion for summary judgment, all doubts are resolved in favor of the non-moving party. *Lows* v. *Warfield* (1971), 149 Ind. App. 569, 274 N. E. 2d 553. In *Lows*, we held that the absence of counter-affidavits does not establish prima facie that the movant is entitled to summary judgment. Instead, the trial court must consider pleadings, depositions, answers to interrogatories as well as affidavits to determine whether a genuine issue of material fact exists. Accordingly we find in the case before us that the pleadings and answers to the interrogatories, together with substantive regard given to the Owners' affidavits, raise a factual issue—namely, whether or not work was performed on or after September 23, 1968, i.e., within sixty days preceding November 22, 1968, the date of filing of the notice of intention to hold a lien. We conclude, therefore, that the trial court properly overruled the Owners' motion for summary judgment.

## OWNERS ESTOPPED FROM ASSERTING THAT WORK WAS COMPLETED AT EARLIER DATE IN LIGHT OF REFUSAL TO MAKE PAYMENT UNTIL ADDITIONAL WORK DONE

The appellant-Owners next argue that work on the contract terminated on March 1, 1968, but that additional work was done by the Contractor as late as September 26, 1968, solely to revive or extend the limitation period for filing the notice of intention to hold a mechanic's lien. The record indicates that in June and September, 1968, Owners prepared and submitted additional lists of work to be completed before payment would be made to the Contractor. The additional work was completed on September 26, 1968 and the lien was filed on November 22, 1968. Since they refused to pay the plaintiff-Contractor for his services pending completion of the additional work, the Owners are estopped from here asserting that no work had

been done after March 1, 1968, or that the contract had been completed as of that earlier date. *Miller Monuments, Inc.* v. *Asbestos Insulating & Roofing Co., Inc.* (1962), 134 Ind. App. 48, 185 N. E. 2d 533.

## ONE WHO PERFORMS SERVICES IS COMPETENT TO TESTIFY AS TO VALUE OF SUCH SERVICES

Under their third assignment Owners-appellants contend that it was error for the trial court to allow opinion testimony by the plaintiff-Contractor as to the value of completed but unremunerated labor. In effect, the propriety of such opinion testimony is in no way dispositive of the correctness of the finding of the trial court since the record of proceedings contains ample evidence to support the trial court's value appraisal of the Contractor's labors—opinion testimony notwithstanding. Nevertheless, the law does not require that a party be qualified as an expert to testify as to the value of his own services. 2 *Jones, Evidence* 5th Ed., § 408 at 766 (1970 Supp.). Extensive treatment has been given to this question as annotated subject-matter in 5 A. L. R. 3d 947, 949 which states:

> "The general rule supported by the great majority of the cases is that a person who performs services for another is competent to testify as to the value of the services he had performed. This rule is based on the principle that in order to testify it is enough for plaintiff that he has performed the services and is familiar with the circumstances surrounding the performance of the services and that in order to testify he need not be an expert nor qualify as such."

Thus we hold that the trial court did not err when it allowed plaintiff-Contractor's opinion testimony as to the value of services performed by him.

## AWARD BY TRIAL COURT WAS NOT EXCESSIVE

Appellant-Owners next contend that the trial court's award

was excessive. They argue that the dollar amount awarded based upon the contract price is repugnant to decisional Indiana law which limits recovery to the reasonable value of work performed and materials furnished, citing *Morris* v. *Louisville N. A. & C. R. Co.* (1890), 123 Ind. 489, 24 N. E. 335 and *Merrit* v. *Pearson* (1881), 76 Ind. 44. We disagree. Both *Morris* and *Merrit* are distinguishable from the case before us. Those cases consider recovery as related to the reasonable value of work performed and materials furnished in situations where the lien claimant is not in privity with the owner of the property. More specifically, an owner is not bound as a measure of his liability by the contract price agreed upon between the principal contractor and the lien claimant where the latter is a subcontractor or employee of the principal contractor.

Where there is language in *Merrit* v. *Pearson, supra,* which superficially would appear to support the appellant-Owner's contention here:

> "It is claimed that the court erred in permitting the plaintiff to give evidence of the contract between him and Anawalt as to the price of his labor; and it is insisted that, in the former decision of this case, it was settled that the contract price agreed on between the appellee and his principal was not admissible against the appellant, and that proof of the value only of the appellee's labor was competent. We do not so understand the decision. It was held in that opinion that the court had erred in excluding evidence offered by the appellant to show that the plaintiff did not labor diligently, and did not do as much work per day as competent hands were accustomed to do, and, consequently, that his work was not worth the price claimed; but it was not held or intimated, and *we perceive no reason why it should be held, that the plaintiff could not offer proof of an agreed price which he was to have for his labor.*" 76 Ind. 44, 46. (Emphasis supplied.)

we deem such language to concern a matter of evidence rather than a measure of damages. In other words, the treatment

in *Merrit* merely acknowledges that evidence of a contract price between the contractor and a subcontractor is admissible insofar as such contract tends to show the price as reasonable value for the services rendered. *Kendall Lumber and Coal Co.* v. *Roman* (1950), 120 Ind. App. 368, 91 N. E. 2d 187. In any event, the *Merrit* case must be construed in the light of and not inconsistent with the very specific language used in the *Morris* case, *supra*, some nine years later:

> "We can not assent to the assertion of the appellants that the contract between the principal contractor and the subcontractors furnishes the standard for measuring the extent of the lien. We do not believe that a railroad company can be made liable for more than the value of the work and materials, no matter what may be the price fixed by the contract between the principal contractor and sub-contractors. The theory upon which the statute proceeds is that the railroad shall be liable for the value of the materials furnished and work done, and it was not contemplated that sub-contractors should hold the railroad property for profits they might realize under their contract." 123 Ind. 489, 491.

We find no fixed rule in Indiana to guide our decision with respect to evaluating a principal contractor's lien. We have found the general law to be, however, that where the principal contractor has furnished labor and materials for a price agreed upon by him and the owner of the property, the amount of the lien is measured and limited by the agreed price. See 57 *C. J. S., Mechanics' Liens*, § 174. We find no fault with this statement and we are disposed to accept it as the law in Indiana.

After extracting cost and payment figures from the record of proceedings here, we do not feel that the trial court assessed the dollar value of appellee's lien unreasonably. The appellant-Owners agreed to pay between $8,735.00 and $9,-350.00. They in turn paid $8,700.00—$3,000 of which was to be applied to a separate transaction for the sale of furniture—

leaving a paid-in balance for the Contractor's services of $5,700.00. This left an amount unpaid of between $3,035.00 and $3,650.00 excluding the reasonable value of additional labor and materials furnished by the Contractor pursuant to appellants' written requests prepared and submitted in June and September, 1968, and as hereinbefore discussed. We are thus not favorably inclined to substitute the appellant-Owners' assessment of the evidence relating to the balance due for that of the trial court. To the contrary, we find the monetary award granted to be well within reason and the evidence.

## PHOTOGRAPHIC EVIDENCE NOT CONCLUSIVE OF PHYSICAL FACTS WHICH THEY SUPPORT

Appellant-Owners allege that the trial court committed reversible error by ignoring undisputed photographic evidence which, they claim, establishes the Contractor's workmanship as inferior. Such allegation is rejected.

First, the trial court made no specific findings or conclusions with regard to matters depicted by the photographs in question. Therefore, it is purely speculative to say that such evidence was ignored. To the contrary, it is presumed that the trial court properly weighed the evidence before it. *Cerra* v. *McClanahan* (1967), 141 Ind. App. 469, 229 N. E. 2d 737; *Korschot* v. *Leevy* (1961), 135 Ind. App. 411, 178 N. E. 2d 750. Secondly, it cannot be assumed that merely because judgment below was rendered in favor of the Contractor, the trial court ignored evidence, photographic or otherwise, presumably prejudicial to the Contractor's case. Photographs are by no means conclusive evidence of the physical facts which they support. *C. & E. I. Railroad Co.* v. *Alexander* (1955), 126 Ind. App. 75, 125 N. E. 2d 171. And, as here, where there is evidentiary conflict between photographs and testimony, it is for the trier of fact to reconcile, reject, or accept and weigh the relative merit and reliability thereof. *Pettibone* v. *Howard* (1941),

218 Ind. 543, 34 N. E. 2d 12; *General Electric Co.* v. *Fuelling* (1968), 142 Ind. App. 74, 232 N. E. 2d 622.

To be sure, therefore, we cannot say as a matter of law that the trial court erred by not finding the Contractor's workmanship to be inferior merely because the photographic evidence in question might justify such finding.

## ADMISSION OF WORK ESTIMATE INTO EVIDENCE NOT ERROR

As a final argument, the Owners submit that the admission into evidence of the Contractor's work estimate was error. They contend that they were prepared to defend a mechanic's lien foreclosure as opposed to a suit on a contract, yet the allegedly inapplicable contractual estimate was admitted. The Owners therefore claim that such admission prejudicially surprised them and that the award of the trial court based thereupon was erroneous.

The question raised by such assertion is whether in a suit to foreclose on a mechanic's lien, the original written agreement is admissible to establish the amount of the lien. The bone of contention thus presented evinces nothing more than a repetition of appellants' argument under assignment No. 4 where they claim that the amount of a mechanic's lien cannot be measured by the "agreed upon" or "contract" price.

We deem it unnecessary to treat this issue further. Suffice it to say, so long as the work estimate was relevant and material to the issue of indebtedness, its admission was not error.

Judgment affirmed.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 284 N. E. 2d 127.