THE LEVY COMPANY, INC. *v.* STATE BOARD OF TAX COMMIS-
SIONERS OF THE STATE OF INDIANA.

[No. 3-575A98. Filed August 1, 1977.]

*Warren E. McGill, Nelson J. Vogel, Jr., Thornburg, McGill, Deahl, Harman, Carey & Murray,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Arthur Thaddeus Perry,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Plaintiff-appellant The Levy Company, Inc. (taxpayer) appeals from the trial court's granting of summary judgment in favor of defendant-appellee State Board of Tax Commissioners of the State of Indiana (Board).

The record discloses that on March 1, 1971, taxpayer owned business personal property in both Portage Township and Westchester Township in Porter County, Indiana. Taxpayer filed its business personal property tax returns with the respective township assessors for its business personal property located in each township. A claim for exemption from taxation for industrial waste control facilities was filed in each township along with the respective tax returns. A copy of each claim was mailed to the Indiana Stream Pollution Control Board on July 13, 1971. Taxpayer submitted proof of its mailing of a copy of each such claim to the respective township assessors. The exemption was denied by the Stream Pollution Control Board in a letter dated August 23, 1971. Such letter was sent to taxpayer, the Portage Township Assessor and Durwood Strang, a member of the State Tax Board.

The Westchester Township Assessor did not receive a written determination denying taxpayer's claim for exemption, but was informed of the contents of the August 23, 1971, letter within the 90-day period by the Portage Township Assessor and the county assessor. Both township assessors then let their denials of taxpayer's claims for exemption stand. Subsequent to the denials of taxpayer's claims for exemption, taxpayer sought review by the Porter County Board of Re-

view and the State Board of Tax Commissioners, both of which denied the exemptions. Thereafter, taxpayer sought review of the Board's decision in the Porter Superior Court. Following motions for summary judgment by each party, the trial court entered summary judgment in favor of the Board.[1] Taxpayer contends on appeals that the trial court erred in denying its motion for summary judgment and in granting Board's motion for summary judgment.

A summary judgment should be granted only where the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits and testimony reveal that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Ind. Rules of Procedure, Trial Rule 56 (C). The materials on file are to be construed in favor of the nonmoving party and any doubt as to the existence of a genuine issue of material fact must be resolved against the movant. *LaFrenz* v. *Lake Cty. Fair Bd.* (1977), 172 Ind. App. 389, 360 N.E.2d 605. The burden is upon the proponent to demonstrate the absence of any issue of material fact. *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640.

Finally, it should be noted that when the moving party supports his motion for summary judgment by affidavits pursuant to Ind. Rules of Procedure, Trial Rule 56 (E), the failure of the nonmoving party to oppose the motion by counter-affidavits does not entitle the movant to summary judgment. The moving party must still demonstrate that summary judgment is "appropriate." Moreover, Trial Rule 56 (C), *supra,* specifically provides that such failure by the opponent of the

---

1. Although there is language in the order which indicates the trial court dismissed taxpayer's complaint for failure to state a claim on which relief can be granted, the parties agree that when viewed in context, the decision of the trial court was, in essence, a granting of the Board's motion for summary judgment. Both parties have briefed the issues from this viewpoint. We agree that the trial court's action was a summary judgment and accordingly review the issues presented from such a viewpoint.

motion does not entitle the movant to summary judgment as a matter of course. *See also, Walker et ux.* v. *Statzer* (1972), 152 Ind. App. 544, 284 N.E.2d 127 (transfer denied) ; *Hunter* v. *Cook* (1971), 149 Ind. App. 657, 274 N.E.2d 550.

IC 1971, 6-1-8-1 to 6-1-8-4 (Burns Code Ed.[2]) exempts "industrial waste control facilities" from ad valorem property taxation. In order to obtain such an exemption, the taxpayer is required to follow certain procedures so that a determination can be made as to whether the property qualifies for the exemption. IC 1971, 6-1-8-3, *supra,* delineates the procedure to be utilized by the taxpayer in making the claim for exemption and by the taxing authority in making its determination of qualification.

Such statute provides as follows :

"Claim for exemption—Determination.—The owner of any industrial waste control facility seeking to obtain property tax exemption thereof shall file a claim therefor, with such owner's annual personal property tax return filed with the assessor of the township in which such property is located, describing the property so used and stating the assessed value thereof claimed to be exempt, and shall forthwith forward by registered or certified mail a copy of such claim to the stream pollution control board for its information, review and certification. Said board shall acknowledge the receipt of such claim and may investigate such claim and, within ninety [90] days after the date of the taxpayer's mailing of the copy of such claim to it, may certify to the township assessor its written determination whether or not the property claimed for exemption is being currently utilized as a water pollution control facility. Thereupon, the township assessor shall, in accord with the board's determination, allow or deny such claim for exemption, in whole or in part, as the board shall have determined and shall make appropriate adjustment in the amount of the assessed value of the owner's tangible personal property for the year for which such exemption is allowed. If the board shall fail to certify such determination to the township assessor within ninety [90] days after the date of the taxpayer's mailing

2. These provisions were repealed by Acts 1975, P.L. 47, § 4, at 466. For current law, *see* IC 1971, 6-1.1-10-9 to 6-1.1-10-11 (Burns Supp. 1976).

of the copy of such claim to said board, the township assessor shall, upon the submission of proof of the taxpayer's mailing of a copy of such claim to said board, allow such exemption as claimed by the taxpayer and shall accordingly reduce the assessed value of the owner's tangible personal property for the year for which such exemption is claimed."

Thus, the statute requires:

(1) the taxpayer must file a claim for exemption with the township assessor when he files his annual personal property tax returns.

(2) the taxpayer must forward a copy of such exemption claim by registered or certified mail to the Indiana Stream Pollution Control Board. Such Board must acknowledge receipt of the claim.

(3) the Stream Pollution Control Board may investigate any claim and is given 90 days after the date of the taxpayer's mailing of a copy of the claim to act upon such claim. The Stream Pollution Control Board's action consists of certifying to the township assessor its written determination of whether the property qualifies for the exemption. If, however, the Stream Pollution Control Board fails to act within the 90-day period, and if the taxpayer submits proof of mailing a copy of such claim to the Stream Pollution Control Board, then the township assessor is required to allow such a claim.

Taxpayer contends that the Stream Pollution Control Board failed to certify its determination of the claim within the 90-day period, that it submitted proof of mailing to the township assessor, and that it is therefore entitled to exemption.

The focal point in the controversy is whether the letter dated August 23, 1971, constituted a certification of the Stream Pollution Control Board's written determination of whether the facilities qualified for the exemption. The resolution of this question is dependent upon the meaning of the word "certify" as used in the statute and the degree of formality to be required thereby. A certificate

has been defined to be "a writing by which an officer or other person bears testimony that a fact has or has not taken place; a written testimony of the truth of any fact." *Federal Union Surety Co.* v. *Schlosser* (1917), 66 Ind. App. 199, 203, 114 N.E. 875 (transfer denied).

In *Alidor* v. *Mobile County Commission* (1973), 291 Ala. 552, 284 So.2d 257, at 260, the court defined certificate as follows:

"It has been held (1) that a certificate of a public officer is a written statement and signed, but not necessarily nor usually sworn to, * * *; (2) to 'certify' is to testify to in writing; to make known or establish as a fact. 'The word is not essential to a certificate.' * * *; (3) a signed written statement that fails to state, 'It is hereby certified' nevertheless 'complies with the meaning of the word "certificate" and is therefore a certificate in substance, and that is sufficient.' " (Citations omitted.)

The letter in the case at bar stated that an inspection had been made of the facilities by a representative of the Stream Pollution Control Board, that the facilities were not for the control of water pollution, and that the exemption could not therefore be allowed. The letter was signed by the Acting Technical Secretary of the Stream Pollution Control Board. Copies of the letter were sent to both the taxpayer and the Portage township assessor. Thus the letter constituted a signed writing stating that the facilities did not satisfy the statutory definition of industrial waste control facilities. The letter was sent to the Portage assessor and therefore was sufficient to satisfy the requirement of certification.

However, the Westchester assessor did not receive a copy of the letter, but was informed of its contents within 90 days by the Portage assessor. Thus, it cannot be said as a matter of law that there was a certification to the Westchester assessor.

We need not determine the substantive issue of whether taxpayer's property qualifies as an industrial waste control

facility under the statutory definition.[3] The appeal procedure delineated under IC 1971, 6-1-8-4, *supra,* provides as follows:

"Appeal from determination.—The action of the stream pollution control board in the certification of property as a water pollution control facility may be appealed by the taxpayer to the circuit court of the county in which the property claimed for exemption is located, and such appeal shall be tried without a jury and be subject to appeal as in other civil cases. The action of the township assessor on such claim shall be subject to review by the county board of review and the state board of tax commissioners and shall, for all purposes of review and appeal, constitute an assessment of tangible personal property subject to all of the provisions of law in respect to notices of assessments and review and appeals of assessments."

In order to understand this appeal procedure, it should be noted that IC 1971, 6-1-8-3, *supra,* requires the township assessor to follow the Stream Pollution Control Board's determination in allowing or denying the claim for exemption. The statute thus delegates the technical determination to the expertise of the Stream Pollution Control Board. The township assessor has no discretion to make its own determination, but is bound by the determination of the Stream Pollution Control Board. It is this substantive determination which IC 1971, 6-1-8-4, *supra,* provides is to be appealed to the circuit court of the county in which the property claimed for exemption is located.

The second portion of IC 1971, 6-1-8-4, *supra,* provides for appeals from the actions of the township assessors. Thus taxpayer's assertion that the township assessors improperly denied the exemption notwithstanding the failure of the

3. IC 1971, 6-1-8-1 (Burns Code Ed.), provides as follows:
"Industrial waste control facilities—Definition.—For the purpose of this act [6-1-8-1—6-1-8-4], the term 'industrial waste control facilities' means the tangible personal property, taxable as personal property, included as part of or an adjunct to a privately owned manufacturing or industrial plant and employed predominantly for the purpose of accomplishing the objectives of the stream pollution control board of Indiana to prevent, control, reduce or eliminate pollution of the streams and public bodies of water within or adjoining the state of Indiana by treating, pre-treating, stabilizing, isolating, collecting, holding, controlling and/or disposing of wastes and contaminants generated by such plant."

Stream Pollution Control Board to certify its written determination is properly appealable under this second provision of IC 1971, 6-1-8-4, *supra*. However, this does not extend to the conduct of the township assessor in following the substantive determination of the Stream Pollution Control Board. Such compliance is required of the township assessor. The Stream Pollution Control Board is delegated the authority to make the substantive determination and the appeal in such instances is from the action of such Board.

Taxpayer contends that if IC 1971, 6-1-8-1 through 6-1-8-4, *supra*, were construed to mean that the Board could not review and reverse a determination made by the Stream Pollution Control Board, the statute would be an unconstitutional delegation of the taxing authority to the Stream Pollution Control Board in violation of Art. 10, § 1 of the Constitution of Indiana and IC 1971, 6-1-1-17 (Burns Code Ed.[4]). Under the aforementioned constitutional provision, the General Assembly is required to provide, by law, a uniform and equal rate of property assessment and taxation and to prescribe regulations to secure a just valution of all property. However, it is clear that the Legislature enacted the exemption statute here under consideration. What the statute does is to delegate the power to determine the facts upon which the application of the law is dependent. Thus the Legislature has not delegated its power to make the law. *Kryder* v. *State* (1938), 214 Ind. 419, 15 N.E.2d 386.

The thrust of appellant's argument is that since the Legislature delegated to the Board the administrative duties of construing the tax laws of the State and seeing that all assessments of property are made according to law,[5] the Board must also have the power to make an independent decision as to whether certain property satisfies the definition of an indus-

4. This statute was repealed by Acts 1975, P.L. 47, § 4, at 466. For current law, *see* IC 1971, 6-1.1-30-14, 6-1.1-31-1 (Burns Supp. 1976).

5. IC 1971, 6-1-1-17 (Burns Code Ed.). See n. 4.

trial waste control facility. However, the Legislature specifically delegated this determination to the experitise of the Stream Pollution Control Board. The delegation of duties to the Board under IC 1971, 6-1-1-17, *supra,* does not preclude the Legislature from delegating a specific determination, such as in the case at bar, to an agency which possesses the technical expertise necessary for the making of such decision.

The judgment of the trial court is affirmed as to Portage township; the judgment of the trial court is reversed as to Westchester township and remanded for further proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part.

Garrard, J., concurs; Lowdermilk, J., participating by designation, concurs.

NOTE.—Reported at 365 N.E.2d 796.